# Miller *v.* Lehman, Durr & CO.

*Creditor's Bill in Equity to set aside Fraudulent Conveyance.*

1. *When creditor without lien may come into equity.*—Under statutory provisions (Code, § 3544), a bill filed by a creditor without a lien, seeking to set aside a fraudulent conveyance by his debtor, alleging the existence, amount and consideration of his debt, the insolvency of his debtor, a conveyance by the debtor to his brothers, without valuable consideration, or on a simulated consideration, in secret trust for the debtor himself, and with the intent to hinder, delay and defraud his creditors, of which fraudulent intent it is alleged the grantees had knowledge, is not wanting in equity.

2. *Receiver; appointment by register in vacation; how reviewed.*—Under statutory provisions regulating the appointment of receivers (Code, §§ 3515, 3614), an appeal lies to the chancellor, from an order of the register appointing a receiver in vacation, and an appeal to this court, from the chancellor's order confirming the appointment; but, if the defendant, not having taken an appeal from the appointment by the register, afterwards submits to the chancellor a motion to vacate the order, which motion is heard and overruled at the same time with a motion to dismiss the bill for want of equity, that ruling can not be revised on appeal from the refusal to dismiss the bill.

[Miller v. Lehman, Durr & Co.]

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 12th November, 1888, by Lehman, Durr & Co. and Aaron Richards, as creditors of Charles L. Miller, against him and his two brothers, J. E. Miller and F. B. Miller; and sought to set aside, on the ground of fraud, a conveyance of a stock of goods and other property, executed by said C. L. Miller to his brothers on the 8th November, 1888, and to subject the property to the satisfaction of the complainants' debts.   Attached to the bill was a petition, addressed to the register, asking the appointment of a receiver to take charge of the goods and property conveyed; and a receiver was at once appointed.   After answer filed, the defendants submitted a motion "to vacate the order appointing the receiver," and also to dismiss the bill for want of equity; and these two motions, being argued and submitted to the chancellor at the same time, were both overruled; but he further held that there was a misjoinder of complainants ( *McKenzie v. M. & F. Railway Co.*, 85 Ala. 546), and gave the complainant's leave to amend.   The appeal is taken from the order overruling the motion to dismiss the bill for want of equity, and errors are also assigned on the refusal to vacate the order for the appointment of a receiver; which latter assignments of error the appellees moved to strike out.

RICE & WILEY, and R. M. WILLIAMSON, for appellants.

WATTS & SON, and TOMPKINS & TROY, *contra.*

SOMERVILLE, J.—The motion to dismiss the bill for want of equity clearly had no merit, and was properly overruled.   The bill distinctly alleges the existence of a debt due by the defendant, C. L. Miller, to the complainants, and its amount, with the consideration upon which it is based. It further avers the insolvency of said Miller, and the transfer by him of a stock of goods, and other property, to his co-defendants, who are his brothers, and that this transfer was made without any valuable consideration, or on a mere simulated consideration, in secret trust for the benefit of the grantor, and with intent to hinder, delay and defraud the complainants, and other creditors of the grantor; and that the grantees in this conveyance knew of the fraudulent motives of the grantor in making the transfer.   This was man-

[Miller v. Lehman, Durr & Co.]

ifestly sufficient in every particular, and fully justified the prayer of the bill.

The other assignments of error are based on the refusal of the chancellor to sustain the motion of the defendants to vacate the order appointing a receiver in the cause. A motion is made in this court to strike these assignments from the record, as unauthorized in the present *status* of the cause. This motion must, in our judgment, be sustained. The receiver was appointed by the register in chancery, under the authority conferred on him by the statute. If the defendants were dissatisfied with the appointment, they had the right to appeal from the action of the register, to the chancellor, and have it reviewed before him; and, in the meanwhile, to have the order suspended, upon giving bond with sufficient sureties.—Code, 1886, § 3535. And if the chancellor confirmed the appointment, an appeal would lie to this court, within thirty days from the filing of the order with the register, to be tried as a preferred case, and as an appeal specially authorized by statute from an interlocutory order.—Code, § 3614. By neglecting to pursue this course, the defendants waived their right to review, in the mode now attempted, the regularity and propriety of the appointment, under color of a motion to vacate the order. The rule is well settled, that the appointment and removal of receivers are matters which rest in the discretion of the Chancery Court; and the appellate court will not, on appeal, undertake to review or control the exercise of this discretionary power, except so far as it may be authorized to do so by statute. And the statutes of this State give no right of appeal from the refusal of a court of chancery to *vacate* an order appointing a receiver, which, as we have said, is purely interlocutory in its nature.—Beach on Receivers, § 781; *Connolly v. Kretz*, 78 N. Y. 620; *Seney v. New York Stage Co.*, 28 How. Prac. 481; *Mansony v. U. S. Bank*, 4 Ala. 735; Kerr on Receivers, 139-140, note 1; Code, 1886, §§ 3611, *et seq.*

The motion to strike is sustained, and the judgment affirmed.