# Mercantile Trust & Deposit Co. v. Florence Water Co.

*Bill in Equity for Appointment of a Receiver.*

1. *Bill in equity; effect of authorized withdrawal and alteration after filing.*—After a bill in equity has been filed with the register, it becomes a court paper, and can not be withdrawn or altered without the consent or order of the court or chancellor; and where, after a bill, with the indorsement of the chancellor thereon that it be filed as an original bill in the nature of a cross-bill in a suit then pending in the court, is filed, the solicitor of the complainant in said bill, without the order of the chancellor, withdraws the bill, erases the indorsement therefrom and refiles it as an original bill, such withdrawal and alteration is without authority and can have no effect

[Mercantile Trust & Deposit Co. v. Florence Water Co.]

upon the status of the case, or give the complainant any additional or other rights than he had acquired by the original filing.

2. *Receiver; duties can be extended to second suit, but a second receiver can not be appointed until removal of the first.*—A receiver in one suit may be compelled to accept and discharge the duties demanded by the case made in a second suit, whether the subsequent one be purely an original suit, or an original suit in the nature of a cross suit; but upon the institution of the second suit, whether it be by original bill, or an original bill in the nature of a cross bill, a second and different receiver can not be appointed until the first receiver, who had possession of the property and was discharging the duties incident to his trust at the time of the institution of the second suit, has been discharged or removed by an order of court.

3. *Same; same; facts of the present case.*—Where on a bill filed by a stockholder and director of a corporation for the appointment of a receiver of said corporation, the complainant in said bill is appointed receiver, and pending the suit and while the receiver so appointed is in possession of the corporate property and is discharging the duties incident to his trust, the trustee in a deed of trust executed by said corporation files in the court where such suit is pending an original bill in the nature of a cross bill, alleging insolvency of the corporation and default in not complying with the stipulations in the deed of trust, and, on information and belief, that the bill filed by the original complainant and all subsequent proceedings thereunder were an ingenious devise to hinder, delay and defraud the creditors of the corporation, and that the complainant did not have the business qualifications to discharge the duties of receiver of such a corporation, and prayed for the foreclosure of the deed of trust, and for the appointment of a receiver, without asking for the removal or discharge of the receiver already appointed, but asked for an injunction to restrain him from further acting as receiver or prosecuting the suit pending the foreclosure suit, there is no case presented for the removal of the receiver previously appointed, and the court properly refuses to appoint another receiver and to enjoin the acting receiver from further proceedings.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. W. H. SIMPSON.

The facts in the case are sufficiently stated in the opinion.

R. M. VENABLE, EMMET O'NEAL, ALEX T. LONDON and PAUL HODGES, for appellant.—1. The complainant here could not, in any way, make itself a defendant to Howell's bill, as this court has expressly decided. *Renfro v. Goetter*, 78 Ala. 311; *Ex parte Printup*, 87 Ala. 148. The purpose of this bill is to attack the suit of

[Mercantile Trust & Deposit Co. v. Florence Water Co.]

Howell as a fraud upon complainant, under section 1735 of the Code of 1886, which expressly provides, "that a suit commenced, decree or judgment suffered" with intent to hinder, delay or defraud creditors are each void. *Cartwright v. Bamberger*, 90 Ala. 405.

2. An independent original bill was proper because the complainant by this assailed the proceedings in the case of *Thomas A. Howell v. Florence Water Co.* as fraudulent and collusive, and sought to have the decree appointing Howell as receiver set aside as a nullity. In Beach on Receivers, p. 177, it is said as to an erroneous or irregular appointment: 'All proceedings stand until set aside in a direct proceeding for that express purpose." The same authority, pages 194–95, says: "It is said a dissatisfied party must seek his remedy by appeal and not by setting at defiance the authority of the court and strangers to the suit, who nevertheless have an interest in the subject-matter may have their relief by a direct proceeding, looking to the removal of the receiver and the setting aside of the orders in reference to the receivership," citing *People v. Sturtevant*, 9 N. Y. 263.

3. If the allegations of this bill are true, then the decree in the case of *Howell v. Water Co.*, in which Howell was appointed receiver is a nullity.—Code of 1886, § 1735. The bill in this case directly assails the proceedings in the case of *Howell v. Water. Co.*, in which Howell was appointed receiver. The authorities, however, show that for fraud and collusion the proceedings may be even collaterally assailed.—Beach on Receivers, p. 636; 20 Amer. & Eng. Encyc. of Law, 145–6, n. 146.

SIMPSON & JONES, *contra.*—1. Appellants were not entitled to be heard at all before the chancellor, because they were in contempt of court.—1 Beach on Modern Eq. Prac., § 556. The only method by which appellants could be heard in regard to any matter affecting the parties or matter already before the court, or the property already *in gremio legis*, was either by regular intervention, or by an original bill in the nature of a cross-bill.—2 Foster's Fed. Prac., p. 333, § 201; *Renfro v. Goetter*, 78 Ala. 311; *Ex parte Printup*, 87 Ala. 148.

2. No party can be enjoined without being made a party defendant to the bill. A. D. Howell, as receiver, could not be made party defendant, nor any order taken

affecting his receivership, except by leave of the court. High on Receivers, §§ 139, 143, 254.

3. All matters or proceedings which directly affect the receivership should be in the same case.—Beach on Receivers, § 777; *Davis v. Michelbacher*, 31 N. W. Rep. 160, 163. This was in effect a motion to remove the present receiver; and all motions for the removal of a receiver should set forth specifically the grounds for removal.—Beach on Receivers, § 778; High on Receivers, § 824.

4. The receiver being an officer of the court, the court will not, as a general rule, hear any application for an injunction against him.—Beach on Receivers, § 712; High on Receivers, § 262. An injunction against a receiver can be granted, only to prevent him from doing some unlawful act.—Beach on Receivers, § 742.

COLEMAN, J.—In August, 1894, T. A. Howell, individually, and as director and stockholder of the Florence Water Company, filed his bill on the equity side of the district court of Lauderdale and Colbert counties against the Florence Water Company, and upon grounds averred prayed for the appointment of a receiver. The Florence Water Company answered the bill, and admitted the averments to be true. The court appointed the complainant Howell as receiver upon his entering into bond in the sum of five thousand dollars. The bond was duly executed, and the receiver took charge of the property and entered upon the execution of his duties, as directed by the court.

In April, 1895, the Mercantile Trust & Deposit Company, of Baltimore, Trustee, presented a bill to the register of the chancery court, indorsed by the chancellor, which authorized the filing of the bill as an original bill in the nature of a cross bill, in the suit of Howell v. The Florence Water Company, in which Howell had been appointed receiver, and the bill was thus filed. Subsequently a solicitor of the complainant, the Mercantile Trust & Deposit Co. of Baltimore, Trustee, obtained possession of the bill, and, of his own authority, erased the indorsement that the bill was filed as an original bill in the nature of a cross bill, as authorized by the chancellor, and had the register to mark the bill filed as an original bill. The purpose of the bill, filed by the

trustee, was to foreclose a mortgage executed by the Florence Water Company upon all its effects, franchises and assets to secure the payment of one hundred and twenty-five bonds of one thousand dollars each, which under a provision of the mortgage had been declared due, and were past due, with interest. The bill averred the insolvency of the Florence Water Company, its defaults in not . complying with the stipulation of the mortgage, which is made an exhibit to the bill. The bill of the trustee avers, on information and belief, that the bill of Howell and the answer of the Florence Water Company, and all subsequent proceedings under that bill "constitute and are an ingenious contrivance and device to hinder, delay and defraud the creditors of the Florence Water Company and particularly the bondholders in said mortgage and your orator as trustee in said mortgage of their lawful suits, debts and demands," &c. It avers that Howell, the trustee, was not a disinterested person, that he was inexperienced in financial matters of importance, and has not the business capacity requisite to discharge the duties devolving on a receiver of a corporation of the magnitude of the Florence Water Company, * * and that he believes the bond insufficient, &c. The bill prayed for the appointment of a receiver. There was no prayer for the removal or discharge of Howell as receiver, but an injunction was asked for to restrain him from further acting as receiver or further prosecuting the suit filed by him. At the hearing of the several motions of the trustee complainant, the chancellor, on the 27th of April, 1895, in vacation struck complainant's bill as an original bill from the file, and restored the original order, that it be filed as an original bill in the nature of a cross-bill, denied the motion to appoint a receiver, and refused to grant an injunction. From this decree the present appeal is prosecuted.

Whether the court erred in refusing to permit complainant to file the bill as an original bill purely, and permitted it to be filed only as an original bill in the nature of a cross-bill in the suit of Howell v. The Florence Water Company, cannot be considered on this appeal. That the solicitor in erasing the order of the chancellor, acted without authority and in gross contempt, cannot be questioned. It is not within the prov-

ince of a solicitor in the cause to correct the errors of a court or chancellor acting judicially. After the bill had been filed, it became a court paper in the case, and could not be withdrawn or altered except by order of the court or chancellor. The abstract of the cause does not contain the appeal bond nor the certificate of appeal. All that is stated in regard to the appeal is, "Appeal bond filed May 2nd, 1894," "Citation of appeal, service acknowledged May 2nd, 1895," "Certificate of appeal, May 2nd, 1895."

The only question presented by the record, of which we can take cognizance on this appeal, was the refusal of the court to appoint a receiver.—Code of 1886, §§ 3512-3521, 3525. The rule is very general that there can be but one receiver in any cause, and if a second receiver should be appointed, pending the possession and management of property by one previously appointed, the power of the second receiver must be subordinate to the first. Of course we have no reference to cases where two or more persons are jointly appointed as receivers. A receiver derives his authority from the power of appointment, and his duties may be enlarged or varied according as the facts may demand. A receiver appointed in one suit, may be compelled to accept the duties, demanded by the case made by a second suit, whether it be purely an original suit, or an original suit in the nature of a cross-suit. The effect of a discharge of a receiver is to terminate his duties and authority. A discharge is granted when there is no further use for the office of a receiver. A removal of a receiver affects only the person. The necessity for a receiver and his duties continue. The one removed is succeeded by another. The bill of complainant in the case at bar, does not pray for the discharge or removal of Howell. It prays for the appointment of a receiver pending the foreclosure suit, and that Howell be enjoined from acting as receiver and that he be enjoined from prosecuting the suit in which he was appointed receiver. The case made by the bill in which Howell was appointed receiver, was that all the directors had resigned except himself and that there was no lawful authority by which the corporate business could be managed or directed. The bill of Howell averred the existence of creditors, and specifically mentioned the mortgage bonds, and the necessity of a receiver to pre-

serve the corporate property for the benefit of the cred-
itors, and for the public use. Complainant's bill seeks
the foreclosure of the mortgage, and the appointment of
a receiver, pending the foreclosure suit. The debt of the
complainant and the mortgage is fully admitted in the
bill in which Howell was appointed receiver. We are
of opinion that the two suits could properly be consid-
ered together, and it may be that the purpose of filing
the trustee bill as an original bill in the nature of a cross-
bill, was merely to effect a consolidation. We do not
know, however, and make no decision on this question.
Complainant was not a party to the bill filed by Howell,
and no decree or order made in that cause, could debar
the complainant from attacking that suit and the orders
made, as having been procured by collusion and fraud,
nor from averring and showing that Howell was not a
proper person to be appointed as receiver. The juris-
diction of the court over the receiver was complete, and
its orders could be framed so as to provide ample protec-
tion to complainants. The court could not properly
appoint another receiver, without the removal of Howell,
unless as a joint receiver.

We are constrained to the conclusion, that so far as
complainant's bill attacks the bill filed by Howell against
the Florence Water Company, and in which he was ap-
pointed receiver, as having been filed with the intent to
hinder, delay and defraud the complainant and other
creditors, or that such was the effect, its averments are
insufficient; nor can we conceive any reason why, if the
bill be considered as an original bill in the nature of a
cross-bill, or a bill of intervention, by the trustee, and
which could be done if there was objection to its being thus
considered, complainant may not obtain all the relief grant-
able under an original bill. Considered as an original bill
in the nature of a cross-bill, (and it is in this view only that
the question is before us), the averments are sufficient to
invoke the authority of the court, to remove him and
appoint some other more suitable person in his place.
The court seems to have taken this view of the case, and
refused to remove Howell. The abstract contains no
affidavits submitted with the motion for the appointment
of a receiver, or the motion by respondent to dismiss the
application for the appointment. It appears from the
briefs of counsel and the decree of the chancellor that

affidavits were filed and submitted with the motions. In the opinion of the chancellor is the following state-ment: "The motion is in effect to remove the receiver in the original case of *Thomas A. Howell v. The Florence Water Company*, and no grounds therefor are set out in the motion and no evidence is offered, except the sworn bill on information and belief to show his unfitness for .the position; on the contrary it is shown ·by numerous affidavits that he is a competent and impartial officer." We would not be understood as giving sanction to the appointment of a director or stockholder as receiver in any case where he is a complainant and praying for such appointment. It is rarely that such a person is impar-tial and indifferent. We cannot say, however, that such an appointment is void. ·

Under the case made by the abstract before us,and the questions of which this court can take cognizance under the present appeal, we find no error in the record, and the decree of the court must be affirmed.

Affirmed.

BRICKELL, C. J., dissenting.