[Albritton, et al. v. Lott-Blackshear Commission Co.]

not aid the defendant's case. His contention just here is out of harmony with his theory of the facts, while, so far as concerns the law, his belief that his lots extended up to the line of the railroad was, as we have seen, immaterial. Considering the inherent probabilities of the case in connection with the testimony of the complainant and the corroborative circumstances shown by his witnesses, we have concluded that the decree of the court below should be affirmed.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.

# Albritton, *et al. v.* Lott-Blackshear Commission Co.

*Bill to Foreclose Certain Mortgages and for a Receiver.*

(Decided May 17, 1910.    52 South. 653.)

1. *Mortgage; Foreclosure; Receiver.*—Where the mortgagor is insolvent and the property insufficient to pay the encumbrance on it, or the rents are in danger of becoming wholly lost, a receiver may be appointed to intercept them.

2 *Same.*—Where the real property was not of sufficient value to pay the mortgages on it, and the mortgagor was insolvent, a junior mortgagee though in possession, was entitled to institute foreclosure proceedings and have a receiver appointed notwithstanding it could have retained possession by accepting an option, renewing its possessory agreement for another year, and binding itself to extend its mortgage to that time, and to pay interest and taxes, etc., as such junior mortgagor was under no obligations to do this.

3. *Receivers; Appointment; Discretion.*—The appointment of a receiver is the exercise of a sound judicial discretion revisable by this court.

4. *Same; Appointment Without Notice.*—A receiver may be appointed without notice to the adversary party in cases of emergency.

5. *Same; Failure to Contest; Waiver.*—The mere failure to appear and contest the appointment of a receiver does not preclude the party from asserting the invalidity of the appointment.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Lott-Blackshear Commission Company against G. L. Albritton and another to foreclose mortgage and to appoint a receiver. Decree for complainants and respondents appeal. Affirmed.

DANIEL PARTRIDGE, JR., and N. D. GODBOLD, for appellant. The court erred in appointing a receiver.—27 Cyc. 1622; *Hayes v. Jasper L. Co.,* 147 Ala. 340; *Meyer v. Thomas,* 131 Ala. 111; *Etowah M. Co. v. Wills V. M. & M. Co.,* 106 Ala. 498; *B. I. W. Co. v. Foster,* 54 Ala. 622. The receiver here sought is not to preserve the corpus but to work the farm. It was not necessary to have a receiver to intercept the rents and properties.—*Coker v. Pearsall,* 6 Ala. 522; *Frenkel & Co. v. Marx,* 51 Ala. 222; *Watford v. Oates,* 57 Ala. 290; *Scott v. Ware,* 65 Ala. 174; *Farris v. Houston,* 74 Ala. 162; *McMillan v. Otis,* 74 Ala. 560; *Coffey v. Hunt,* 75 Ala. 236. The mortgagee was in possession, and hence, there was no occasion for a receiver.—*Warren v. Fitts,* 114 Ala. 65; *Jackson v. Hooper,* 107 Ala. 634.

STEVENS & LYONS, for appellee. The appellant did not appear and contest the appointment of a receiver, and he cannot now question the propriety of the appointment.—*Ferguson v. George,* 42 Ala. 135; *Rich v. Thornton,* 65 Ala. 310; *Gandy v. The State,* 81 Ala. 71; *L. & N. v. Touart,* 97 Ala. 516. A respondent who does not seasonably resist the appointment of a receiver will be held to have consented to such appointment.—134 U. S. 530; 13 S. E. 289; 64 N. W. 395; 29 N. Y. Supp. 373; 23 A. & E. Enc. of Law, 1037; *Padgett v. Brooks,* 140 Ala. 261. Whenever the mortgagor is insolvent, and the mortgage security inadequate, a receiver will be ap-

pointed.—*Scott v. Ware,* 65 Ala. 183; High on Receivers, sec. 666; *Bank v. Mary L. C. & Ry. Co.,* 108 Ala. 293. Contracts carry only those obligations which they express or necessarily imply.—*Blackmon v. Dowling,* 63 Ala. 306; *Bullock Co. v. Coleman,* 136 Ala. 615. Whenever emergency requires receivers will be appointed without notice.—*Weiss Goetter,* 72 Ala. 260; *Micou v. Moses,* 72 Ala. 440.

SIMPSON, J.—The original bill in this case was filed by the appellee on December 29, 1909, seeking to have second and third mortgages belonging to complainant foreclosed, and to have a receiver appointed to rent out and work the farm lands covered by the mortgages. It is alleged that the mortgagor is insolvent, and the property worth greatly less than the amount of the mortgages; that the first mortgages, held by the Union Central Life Insurance Company, secures a principal of $15,000, due January 1, 1911, and a note for interest, due March 1, 1910, for $1,200; that said note for interest will probably not be paid, thereby rendering the entire mortgage due; that, while the negro tenants on the place would like to remain, yet they are entirely dependent on advances, and no one would be willing to advance them in the face of the uncertainty, on account of the probability of foreclosure of the first mortgage, or the foreclosure under this bill; that the land cannot be otherwise rented, and, unless a receiver is appointed, the result will be that the rents for 1910 will be wholly lost; also, that there is a large amount of live stock and farming utensils on the place held by the tenants, but covered by mortgages for more than its value, which have been assigned to complainant; that, if the complainant should advertise to foreclose his mortgages, the tenants would probably be scattered and the place disorganized

before any one would be in position to make contracts for the ensuing year; that complainant is willing to redeem from the first mortgage whenever the holder is disposed to allow it. The bill also suggests the name of one of its employes who is a capable and fit person to be appointed as receiver, and who agrees to serve without compensation, and complainant offers to make all necessary advances to the tenants and to be responsible for any losses which may result from the operation of the farm.

"Exhibit C" to the bill is an agreement, signed by appellant, dated December 3, 1908, in which the debts due by the several mortgages are acknowledged, and it is acknowledged that appellant is not able to pay the same, or to prevent foreclosure; that complainant has at the instance and request of appellant expended $2,620 in purchasing one of the mortgages held by him. In said agreement it is stated that complainant agrees to extend the mortgage to the City National Bank maturing November 15, 1908 (the one purchased by complainant), for one year, and to pay the next installment of interest on the first mortgage, and the taxes for the year 1908, and to operate and handle the farm for the year 1909, giving appellant credit, on said mortgages, for the net profits, in consideration of which the property is turned over to complainant, and the chattel mortgages, etc., transferred and assigned to it. Said agreement also gives complainant the option to continue said agreement for the year 1910, but states distinctly that it is only an option, to be accepted or not, as complainant may choose.

The appellant quotes authorities to the effect that, as a general rule, the object in appointing a receiver in foreclosure proceedings is "to preserve the corpus of the estate from deterioration, or to sequester the rents and

profits to make good an anticipated deficiency" (27 Cyc. 1622), and claims that there must be some "threatened act, productive of destruction," etc., and that, as the tenants are not making any threat, no ground is shown for the appointment of a receiver. It is a proposition clearly recognized that in foreclosure proceedings, if the mortgagor is insolvent and the property insufficient to satisfy the mortgage, a receiver may be appointed to intercept the rents, and it necessarily follows that, if there is such a state of affairs as that the rents will be wholly lost unless the court takes charge of the property, a proper case for a receiver is made out.— Smith on Receiverships, § 174, p. 287 et seq., and notes, also section 179, p. 300, and notes; *Scott v. Ware,* 65 Ala. 174, 184; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370, 5 South. 731; *Jackson et al. v. Hooper & Nolen,* 107 Ala. 634, 18 South. 254; *Ala. Nat'l Bank v. Mary Lee C. & R. Co.,* 108 Ala. 288, 293, 19 South. 404.

It is next insisted that the complainant was not entitled to the appointment of a receiver, because the complainant was already in possession of the property, with the right to continue in possession. According to the agreement, its possessory interest was about to expire, and while it could, by accepting the option renew the agreement for another year, thus binding itself to extend the mortgages for another year, and binding itself to pay interest, taxes, etc., only to be, at the end of the year, in the same condition as it was at the time of the filing of the bill, with the same problems confronting it, there was no obligation on complainant to extend the time of payment any longer. It certainly had the right to proceed to foreclose its moragages, and, as ancillary thereto, if there was danger of losing the rents of 1910, complainant was entitled to the aid of the court in taking steps

35—167

to preserve them. The farming year had closed, an other was about to begin, the petition for the appointment of the receiver was not made until after the year had expired, and it is reasonable to suppose that, with the prospects or certainty of a foreclosure, with no one to advance to the tenants or to make any contract for the year, the labor would have been disorganized, and the opportunity for renting the lands gone, before the foreclosure proceedings had terminated. It is true that the complainant could have taken the responsibility and risk of advancing to the tenants, etc., which might have worked off all right, if it also advanced the money again to pay the interest note on the first mortgage, and finally became the purchaser of the property, but if some one else should be the purchaser, it might be in danger of losing all that it advanced.

It is not correct either to say that the court was without authority to appoint a receiver, because no answer had been filed to the bill. The statement in the case of *Jordan v. Jordan,* 121 Ala. 421, 25 South. 856, is that: "A receiver should not be appointed except upon a bill or petition filed praying it and after answer thereto, 'unless the necessity be of the most stringent character.'" It is also stated in that case that "there is no averment in the bill of any facts for the necessity of the appointment of a receiver and certainly there is nothing in the agreement between the parties which can be construed into a consent by them to his appointment." From the statement of the case, it appears that there was no petition or request for the appointment of a receiver, but the chancellor appointed him ex mero motu, not to preserve the property, but merely to execute the decree. "It is said that 'in modern practice an order for a receiver may be obtained on motion grounded on affidavit, before answer, whenever justice appears

to require it,'" etc.—*Weis v. Goetter, Weil & Co.*, 72 Ala. 259, 260. "Such is the variety, more or less defined, in the countless cases arising out of human transactions in which redress may be sought in a court of equity, that they cannot be so classified as to be subject to rules, which shall precisely prescribe for each when and when not the power in question should be exerted."—*Briarfield Iron Works Co. v. Foster*, 54 Ala. 634.

The appointment of a receiver is a matter of sound judicial discretion, revisable by the appellate court, and, of course, must be exercised with care. Our statutes and decisions authorize the appointment to be made even without notice in cases of great emergency.—*Miller v. Lehman, Durr & Co.*, 87 Ala. 517, 519, 6 South. 361; *Ashurst v. Lehman, Durr & Co., supra; Warren & Co. v. Pitts et al.*, 114 Ala. 65, 68, 21 South. 494; Smith on Receivers, § 5, p. 10. It is true that it is stated in some of the cases cited and in others that there must be a reasonable probability of the complainant's final success, in order to justify the appointment of a receiver. In the present case the facts are stated clearly—the insolvency, the insufficiency of the property, the circumstances that indicate that it is necessary to have the receiver, in order to preserve the rents of 1910. The respondent in the agreement (Exhibit C) acknowledges all the material facts in the bill in regard to the mortgages, shows that he is not able to meet them or to pay the interest on the first mortgage. After the filing of the bill, the petition was filed, and notice issued to the respondent of the application, and he did not appear to offer any opposition to it. It is true that the mere failure to appear and contest does not preclude a party from asserting the invalidity of the appointment. The agreement (Exhibit C) did not postpone the law day of the mortgages except as to the bank mortgages which

expired November 15, 1908, and it was extended one year, which time was out when the bill was filed. The cases to which appellant refers, in which it is said that a receiver should not be appointed because the mortgagor was not in possession, were cases in which third parties had come into possession of the premises.

The expenses of the receivership are eliminated by the agreement of the complainant, and the respondent cannot be in any worse condition than he would be if the complainant should take possession under his mortgages. It is better for all parties that the property be in the hands of an officer of the court; and on the whole we think that the chancellor in the exercise of a wise discretion properly appointed the receiver.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.