(81 South. 633)

## BENEFIELD v. COX et al. (8 Div. 129.)

(Supreme Court of Alabama. April 17, 1919.)

1. MORTGAGES ⊂⊃468(2)—FORECLOSURE—UNAUTHORIZED PURCHASE — SUIT TO COMPEL AFFIRMANCE—RECEIVER.

In a suit by a mortgagee, who has purchased at his own sale without authority, to compel an election by mortgagor to either affirm or disaffirm such purchase, the chancery court is without authority to appoint a receiver for rents and profits, though the mortgagor is insolvent and is committing waste.

2. MORTGAGES ⊂⊃372(3, 4) — MORTGAGEE'S PURCHASE WITHOUT AUTHORITY — TITLE—EJECTMENT—RECEIVER.

A mortgagee, purchasing without authority at his own sale under mortgage power, has absolute legal title until disaffirmance by mortgagor, and could maintain ejectment; and a receiver may be appointed for the preservation of the crops attached to the land, in aid of ejectment.

3. MORTGAGES ⊂⊃468(1)—FORECLOSURE—RECEIVER.

A receiver may be appointed in proper cases in the suit of a mortgagee for foreclosure on

the theory that the rents and profits are in equity subject to the lien of the mortgage.

4. MORTGAGES ☞362—FORECLOSURE—RIGHT TO PURCHASE—BENEFICIARY.

One who is a mere beneficiary under the mortgage, being the equitable owner of a part of the debt secured, but not a party to the mortgage or notes, is a mere cestui que trust, the mortgagee, with power of sale, being his trustee, and such beneficiary is not forbidden to purchase at a sale by the trustee-mortgagee under the power.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by E. W. Benefield against M. G. Cox and others, to require the affirmance or disaffirmance in a foreclosure sale and for a receiver. Upon decree annulling the receivership, complainant appeals. Affirmed.

The bill shows that complainant purchased certain lands in a foreclosure sale under the power contained in the mortgage executed by M. G. Cox and others to W. E. Snead, to secure the balance of the purchase money on said land, which land had been sold by the complainant and another Benefield to Cox and others, the mortgagors. The debt secured was evidenced by six promissory notes, payable to Snead, the mortgagee. The purchase money was $2,622.17, which the bill alleges complainant then and there paid to W. E. Snead, and said Snead did execute to complainant the proper deed of conveyance to said land. It is further alleged that complainant and R. M. Benefield were part owners of the debt secured by the said mortgage, and that said mortgage contains no clause authorizing said Snead or complainant to purchase at said sale, and on this allegation it is averred that the defendants Cox and others are armed with the right to disaffirm said sale or ratify same at their election. It is further alleged that respondents "Cleve and Doc Weaver, claiming to be on said land as tenants of said Cox and the other mortgagor, and who are insolvent, are moving and selling the crops, so that they will be lost to complainant unless they are taken over and preserved by your receiver." The prayer is that the respondents be required to elect whether they will affirm or disaffirm the foreclosure sale, and, if they elect to disaffirm, that they be required to redeem from said mortgage; that, if they elect to affirm, said Weavers be required to account to complainant for the crop taken from the said land and disposed of, and that a receiver be appointed. A receiver was appointed by the register without notice to respondent, and on appeal to the chancellor his appointment was vacated.

Street & Bradford, of Guntersville, for appellant.

Thomas E. Orr, of Albertville, for appellees.

SOMERVILLE, J.   [1] It has been expressly determined by this court that, in a suit by a mortgagee, who has purchased at his own sale without authority, to compel an election by the mortgagor to either affirm or disaffirm such purchase, the chancery court is without authority to appoint a receiver for the rents and profits, though the mortgagor is insolvent and is committing waste. McLean v. Presley's Adm'r, 56 Ala. 211, 218.

[2, 3] This is because the purchaser has the absolute legal title—until it is disaffirmed by the mortgagor—and could maintain ejectment for the land; and a receiver may be appointed for the preservation of the crops that are attached to the land, in proper cases, in aid of the suit in ejectment, as in Hendrix v. A. F. L. M. Co., 95 Ala. 313, 11 South. 213. So a receiver may be appointed in proper cases at the suit of a mortgagee for foreclosure, on the theory that the rents and profits are in equity subject to the lien of the mortgage. Phillips v. Taylor, 96 Ala. 426, 429, 11 South. 323; 19 R. C. L. p. 561, § 369; High on Receivers, § 644.

[4] This bill is filed upon the theory, asserted in the bill as a conclusion of law, that the mortgagor is entitled to disaffirm the foreclosure sale as in cases where the mortgagee has purchased at his own sale without authority. This theory is founded in error. The bill shows that complainant is a mere beneficiary under the mortgage, being the equitable owner of a part of the debt secured, but shows also that he is not a party to the mortgage or the notes. As to him, the mortgagee, with his power of sale, is his trustee, and complainant is a mere cestui que trust. He stands therefore in no such relation of trust to the mortgagor as forbids his purchase at a sale by the trustee—mortgagee under the power; and so the authorities all hold. 19 R. C. L. p. 612, § 429; 27 Cyc. 1483b; Wiltsie on Mort. Forecl. p. 873, § 609; and the numerous authorities cited therein.

In this view of the case, the bill is without equity, and the receivership must necessarily fall.

It results that the decree of the chancery court was without error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes