157 So. 851

TAYLOR v. HOFFMAN et al.
7 Div. 271.

Supreme Court of Alabama.
Nov. 22, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Paul O. Luck, of Columbiana, for appellant.

L. H. Ellis, of Columbiana, for appellee.

ANDERSON, Chief Justice.

Bill by mortgagor against mortgagee, and others who claim portions of the mortgage indebtedness, for an accounting, a cancellation of the mortgage, and for the enforcement of the equity of redemption in the alternative as to so much of the mortgage debt as may be due. It seems that the mortgage in-. debtedness was evinced by a series of installment notes, some claimed by W. L. Dumas and Planters' Chemical Oil Company, each of whom have answered the bill and by cross-bill concur in an equitable accounting and a foreclosure of the mortgage by the court, and the adjustment and satisfaction out of the proceeds of the sale of the respective claims of the interested parties in case the same are not paid by the complainant mortgagor.

It appears that this mortgagee, Hoffman, who then owned only a portion of the mortgage debt, proceeded to foreclose the mortgage under the power of sale and which said sale was made after the present bill was filed, and subsequently petitioned the court to appoint a receiver to take charge of the property, or some of it, chiefly a ginnery, and operate it for the benefit of said Hoffman, mortgagee and purchaser of the property at the mortgage sale. This upon the theory that he, as said purchaser, is entitled to the income and profits for the use of said property. While the petition and accompanying affidavit sets forth the insolvency of Taylor, the mortgagor, there is neither averment nor proof that the property is inadequate to satisfy the mortgage debt, certainly so much thereof as claimed by Hoffman, who the pleading shows made the transfers of the other installments subject to the ones retained by him. In other words, from aught appearing, the property is amply sufficient to satisfy whatever may be due Hoffman, and the other creditors or holders in part of the mortgage indebtedness did not join in the petition for a receiver and seem content to have their claims adjusted through the orderly channel of the equity court.

■ ■ The foreclosure of the mortgage after the filing of the original bill did not oust the court of its jurisdiction, and the forclosure, while not absolutely suspended, is yet subject to the equity of the bill and may be set aside by the court if the complainant is awarded relief, and a purchaser at such mortgage sale does so subject to the right of the court in the pending cause to ignore or set aside, said sale. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Brown v. Bell, 206 Ala. 182, 89 So. 659; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1, and cases there cited. Moreover, the record discloses that other parties besides Hoffman are part owners of the mortgage debt, and an accounting and adjust-

422

ment of the respective rights of the parties as to the proceeds of a sale in case the complainant does not redeem is peculiarly within the province of a court of equity.

 It is also well established that the appointment of a receiver is a most delicate power which should be exercised with great caution. It is also well settled that, if the mortgaged property is of sufficient value to pay the debt, a receiver should not be appointed regardless of the insolvency of the mortgagor. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207, and cases there cited.

Therefore, we may pretermit a decision of the other grounds argued against the validity of the order appointing a receiver, as the order was improper upon the ground above discussed.

The decree of the circuit court is reversed, and one is here rendered vacating said order.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.