## PARKER v. WILLIAMS.

### 4 Div. 820.

Supreme Court of Alabama.

April 18, 1935.

Rehearing Denied June 4, 1935.

Mulkey & Mulkey, of Geneva, for appellant.

B. W. Smith, of Samson, and O. S. Lewis, of Dothan, for appellee.

ANDERSON, Chief Justice.

Bill by the appellant mortgagor to cancel certain real estate mortgages held by the appellee as receiver of the Farmers' & Merchants' Bank of Samson, claiming payment of the mortgage debt, praying an accounting, and in the alternative for a redemption if it be ascertained that any of the debt remains unpaid. Appellee answered the bill and made the same a cross-bill seeking a foreclosure and the appointment of a receiver pending this litigation to collect the rents and preserve the property. The trial court, under the pleading, and evidence by affidavits, appointed a receiver, and it is from this order the appeal is prosecuted.

It is well settled by the decisions of this court that the appointment of a receiver is a most delicate power which should be exercised with great caution. It is also as well settled that if the mortgaged property is of sufficient value to pay the debt, a receiver should not be appointed regardless of the insolvency of the mortgagor. Taylor v. Hoffman, 229 Ala. 420, 157 So. 851; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207. From aught appearing, either by averment or proof, the property is amply sufficient to pay the mortgage indebtedness regardless of the mortgagor's failure to have paid the tax and insurance. Therefore, pretermitting the question as to the sufficiency of the affidavit of Martin, supporting the cross-bill, the order appointing the receiver was improper and the decree is reversed and one is here rendered vacating said order.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

The following statement in the former opinion, "From aught appearing, either by averment or proof, the property is amply sufficient to pay the mortgage indebtedness," is challenged by the insistence that the cross-bill, paragraph C, page 23 of the record, contains the following statement: "Respondent further shows that the said R. E. Parker, is insolvent, and unable to respond in damages; that the property conveyed by said mortgage is wholly insufficient to pay the indebtedness of the said R. E. Parker to the Farmers & Merchants Bank of Samson."

This is no certain or specific averment that the mortgaged property was insufficient to pay the mortgage debt, as Parker may have owed the bank debts not covered by the mortgage. But, conceding that the averment meant that the property was worth less than the mortgage debt, there was no proof of this fact and averment without proof of this fact did not justify the appointment of the receiver.

Rehearing denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.