165 So. 848

**PARKER v. WILLIAMS, Superintendent of Banks.**

4 Div. 854.

Supreme Court of Alabama.

Jan. 23, 1936.

Rehearing Denied March 5, 1936.

---

[1] Ante, p. 345.

Mulkey & Mulkey, of Geneva, for appellant.

B. W. Smith, of Samson, and O. S. Lewis, of Dothan, for appellee.

KNIGHT, Justice.

Bill by the appellant mortgagor to cancel certain real estate mortgages held by appellee as received of the Farmers & Merchants Bank of Samson, claiming payment of the mortgage debt, praying an accounting, and in the alternative for redemption if it be ascertained that any of the debt remains unpaid.

Appellee Williams answered the bill and made the same a cross-bill, in which he sought foreclosure, and the appointment of a receiver to collect the rents and preserve the property, pending the determination of the litigation.

The chancellor on the first submission appointed a receiver, and from that order the said Parker appealed to this court. On that appeal we held the appointment of a receiver was improvidently made, and we vacated the order. Parker v. Williams, 230 Ala. 437, 161 So. 512.

On remandment of the cause, the cross-complainant amended his cross-bill to meet the defect pointed out in the opinion of this court on first appeal.

In the amended cross-bill it is averred that the said R. E. Parker, mortgagor, is insolvent, and unable to respond in damages; that the property conveyed by the mortgages is wholly insufficient to pay the mortgage indebtedness; that the mortgagor had permitted a part of the property to be sold for taxes; that he had failed to keep the property insured, as by the terms of his mortgage he had agreed to do; that he was in possession of the property collecting the rents; and that the cross-complainant would suffer irreparable loss unless a receiver was appointed to take charge of said property, preserve the same, and collect the rents, income, and profits thereof, and to hold the same subject to the further orders of the court.

The application was set down for hearing upon a day named, and notice of the same was given to the complainant Parker. Upon the hearing, affidavits were submitted by both parties to the cause. The court at the conclusion of the hearing entered an order for the appointment of a receiver as prayed for in the amended cross-bill. It is from this second order appointing a receiver that this appeal is prosecuted by the said Parker.

It is quite true, as pointed out by Chief Justice Anderson on the former appeal in the case, "that the appointment of a re-

ceiver is a most delicate power which should be exercised with great caution"; that, if the mortgaged property is of sufficient value to pay the debt, a receiver should not be appointed regardless of the insolvency of the mortgagor. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Taylor v. Hoffman, 229 Ala. 420, 157 So. 851.

■ But, while this is true, the court will not refuse to intervene and appoint a receiver when it is made to satisfactorily appear that the mortgagor is in possession, collecting the rents, is insolvent, and permits portions of the mortgaged property to be sold for taxes, and fails or refuses to keep buildings on the property insured, as by the terms of his mortgage he agreed to do. In other words, the court will not refuse the appointment of a receiver, when, by so doing, irreparable loss may result to the mortgagee.

In the case of Albritton et al. v. Lott-Blackshear Commission Co., 167 Ala. 541, 52 So. 653, 654, it was observed: "It is a proposition clearly recognized that in foreclosure proceedings, if the mortgagor is insolvent and the property insufficient to satisfy the mortgage, a receiver may be appointed to intercept the rents, and it necessarily follows that, if there is such a state of affairs as that the rents will be wholly lost unless the court takes charge of the property, a proper case for a receiver is made out. Smith on Receiverships, § 174, p. 287 et seq., and notes, also section 179, p. 300, and notes; Scott v. Ware, 65 Ala. 174, 184; Ashurst v. Lehman, Durr & Co., 86 Ala. 370, 5 So. 731; Jackson et al. v. Hooper & Nolen, 107 Ala. 634, 18 So. 254; Alabama National Bank v. Mary Lee C. & Ry. Co., 108 Ala. 288, 293, 19 So. 404."

■ The appointment of a receiver is a matter addressed to the sound judicial discretion, revisable by the appellate court, and, of course, must be exercised with care. Albritton et al. v. Lott-Blackshear Commission Co., supra; Miller v. Lehman, Durr & Co., 87 Ala. 517, 519, 6 So. 361; Warren & Co. v. Pitts et al., 114 Ala. 65, 21 So. 494.

■ After a full hearing, the chancellor reached the conclusion that the application for the appointment of a receiver should be granted. We have here carefully read and considered the evidence submitted, pro and con, and we cannot affirm that the chancellor unwisely exercised his discretion in appointing a receiver in the cause, to take charge of the property, to preserve the same, and to collect the rents accruing therefrom, pending the determination of the litigation.

The case made by cross-complainant for the appointment of a receiver on his last application is quite different from that made by him on his first application which we reviewed in Parker v. Williams, supra.

It is now charged in the cross-bill, as amended, that the mortgagor Parker is insolvent; that he is in possession of the property collecting the rents; that the property conveyed by the mortgage is wholly insufficient to pay the indebtedness secured thereby; that the mortgagor had permitted a portion of the mortgaged property to be sold for taxes, and had done nothing to redeem the same; and that the mortgagee had been forced to pay out a large sum of money to redeem the property; and that the mortgagor had failed or refused to keep certain of the mortgaged property insured which by the terms of the mortgage he had obligated himself to do for the protection of the mortgagee.

The affidavits submitted by cross-complainant upon the hearing tended to sustain these charges, and the counter affidavits of the mortgagor are not such as to convince us that the chancellor abused his discretion in appointing a receiver.

Inasmuch as the case is still to be heard on its merits, we deem it not amiss to say that consideration should be given to the question whether or not the Farmers & Merchants Bank of Samson should be made a party defendant to the bill. It would seem that the bank is a necessary party, and should be brought into the case. Comer v. Bray, 83 Ala. 217, 3 So. 554.

It follows, therefore, that the decree appointing a receiver in the cause is due to be affirmed, and it is accordingly so ordered.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.