165 So. 852

## GARLAND v. FIRST NAT. BANK OF SCOTTSBORO.

### 8 Div. 718.

Supreme Court of Alabama.

Feb. 20, 1936.

Rehearing Denied March 5, 1936.

598

See, also, ante, p. 572, 165 So. 850.

Proctor & Snodgrass, of Scottsboro, for appellant.

D. P. Wimberly, of Scottsboro, and Haralson & Son, of Fort Payne, for appellee.

KNIGHT, Justice.

This appeal is prosecuted from a decree of the circuit court of Jackson county appointing a receiver upon the petition of the First National Bank of Scottsboro, Ala., in a certain cause wherein the appellant, Lucy Garland, is complainant and the said bank is respondent and cross-complainant.

The appellant filed the original bill in the cause, seeking the cancellation of a certain mortgage executed by her and husband to the appellee to secure a recited indebtedness of $2,500. The contention made in her bill is that the indebtedness secured by the mortgage was the debt of the husband, and that therefore the mortgage, executed by her on her lands, to secure this debt, was void under section 8272 of the Code.

On a former appeal in the cause, this court reversed the decree of the circuit court ordering a sale of appellant's lands in foreclosure of the mortgage, and remanded the case for a new trial. Garland v. First National Bank of Scottsboro, 228 Ala. 480, 153 So. 743.

On resubmission in the lower court, that court again sustained the validity of the appellee's mortgage, and ordered a sale of the mortgaged land to satisfy the indebtedness secured by the mortgage. From that decree the appellant has prosecuted an appeal to this court. This appeal was taken without security for costs; the complainant having made the required affidavit that she was a married woman and unable to give security for the cost of appeal. Section 6138.

After the last appeal was taken, the appellee filed its petition in the circuit court of Jackson county for the appointment of a receiver to take possession of the mortgaged property and to collect and hold the rents accruing from it, pending a final determination of the cause.

In the petition it· is averred that the complainant mortgagor is insolvent; that the interest of the said Lucy Garland in the mortgaged property "is insufficient to secure the debt without resort to the rents and profits accruing, pending appeal in the Supreme Court; that the said Lucy Garland" is an aged person and her expectancy is very short.

It also appears from the petition that the court had ascertained and decreed the amount of petitioner's debt secured by said mortgage to be $2,368.85.

It also appears that the said Lucy Garland only owned a life estate in the mortgaged lands.

Due notice was given to the mortgagor, appellant, of the filing of the petition and of the day set for hearing the same. In her answer, appellant denied "specifically" that she was insolvent, or that she did not own any other property, or that she did not have any income except from the real estate referred to in the petition, and she further denied that her interest in the lands was insufficient to secure the debt without resort to the rents and profits from the same. The appellant did not disclose in any way what other property, if any, she in fact owns, or what other income she has except from the land.

The power to appoint a receiver of mortgaged property should always be exercised with great caution, and ordinarily one should not be appointed if the prop-

erty mortgaged was of sufficient value to pay the secured debt, regardless of the mortgagor's insolvency. Taylor v. Hoffman et al., 229 Ala. 420, 421, 157 So. 851; Parker v. Williams, 230 Ala. 437, 161 So. 512.

However, by a long line of decisions by this court, the proposition is clearly recognized that in foreclosure proceedings, if the mortgagor is insolvent and the property is insufficient to pay the mortgage debt, a receiver may be appointed to intercept the rents, and it necessarily follows that, if there is such a state of affairs as that the rents will be wholly lost unless the court intervenes and takes charge of the property, a proper case for a receiver is made out   Albritton et al. v. Lott-Blackshear Commission Co., 167 Ala. 541, 52 So. 653; Scott v. Ware, 65 Ala. 174; Ashurst v. Lehman, Durr & Co., 86 Ala. 370, 5 So. 731; Jackson et al. v. Hooper & Nolen, 107 Ala. 634, 18 So. 254; Alabama Nat. Bank v. Mary Lee Coal & Ry. Co., 108 Ala. 288, 19 So. 404; Parker v. Williams, ante, p. 569, 165 So. 848. ·

The appointment of a receiver is a matter addressed to the sound discretion of the court, revisable by the appellate court, and should be exercised with care. Albritton v. Lott-Blackshear Commission Co., supra.

Under the averments of the petition and the proof submitted in support thereof, we cannot affirm that the court committed error in appointing the receiver in the cause.

It follows, therefore, that the decree appealed from is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.