# Lindsay *v.* American Mortgage Co., of Scotland, (Limited.)

| 97 | 411 |
| 121 | 209 |

*Appeal From Order Appointing Receiver Without Notice.*

1. *Right to disaffirm voidable mortgage sale* —Where the mortgagee became the purchaser at a sale of mortgaged lands without authority

[Lindsay v. American Mortgage Co. of Scotland.]

under the power, and the mortgagor files his bill to redeem, the mort-gagee admitting his right to disaffirm the sale, the parties occupy the same relation, as to the appointment of a receiver as they did after default and before sale.

2. *Receiver—when improperly appointed.* —In such case the mortgagee is not entitled to a receiver unless it is shown that the lands are not of sufficient value to satisfy the mortgage debt, and the preservation of the rents and profits is necessary to the security of the mortgagee, and the allegations contained in an answer not verified by affidavit are not evidence on which the chancellor can rightfully appoint a receiver.

APPEAL from Russell Chancery Court.
Tried before the Hon. JOHN A. FOSTER.

L. W. MARTIN, and W. J. BOYKIN, for appellant, cited *Moritz & Weil v. Miller, Schram & Co.*, 87 Ala. 331; *Blondheim v. Moore*, 11 Md. 364; *Mortgage Co. v. Turner*, 95 Ala. 272.

JOHN V. SMITH, and CALDWELL BRADSHAW, for appellee. No brief on file.

HEAD, J.—Appellant, Lindsey, on the 17th day of March, 1886, executed to appellee a mortgage on the lands describ-ed in the bill, to secure an indebtedness therein recited of $4,300.00 maturing in the future, with power of sale in default of payment of the secured debt. No authority was given in the instrument to the mortgagee to purchase at its own sale. Default being made in the payment of the debt, the mort-gagee advertised the land for sale under the power, and, at the sale, itself became the purchaser thereof at the price of $4,500.00 and demanded possession of the mortgagor, which was refused. On June 16, 1892, the mortgagor, Lindsay, filed this bill to disaffirm the said purchase by the mortgagee, and to be let in to redeem, by payment of the amount due on the mortgage debt. The answer of appellee admits that its purchase is voidable and consents to a disaffirmance thereof and redemption. It also filed a cross-bill setting up the material facts, as above briefly stated, averring also that it had instituted an action of ejectment at law for the recov-ery of the lands from Lindsay, which action is still pending, and, while admitting the facts showing the invalidity of its purchase and complainant's right to disaffirm and redeem, praying that the claim of Lindsey, the mortgagor, upon the lands be declared a cloud on its title; that the cloud be re-moved, and that title to the lands be made to it by the reg-ister, and for general relief. The cross-bill also avers that portions of the lands were rented by Lindsay for the present

year, 1892, to sundry named persons, and that Lindsay, for the purpose of defrauding complainant, is proceeding to collect the rents, and prays for the appointment of a receiver to collect and hold the rents, and to take charge of and rent out the lands, and collect the rents pending this litigation. A separate formal application was also filed for the appointment of such a receiver, and on Oct. 1, 1892, the chancellor, in vacation, without notice to Lindsay, the mortgagor, granted the application.    The appeal is from that order.

In the status of the case thus shown, the sale of the lands under the power and the voidable purchase thereat, add nothing to the mortgagee's right to recover.    That sale must be treated as disaffirmed, so far as the application for a receiver is concerned, and the parties treated as occupying the same relation to the mortgaged premises which they occupied after default and prior to the sale.    It is a case then of a mortgagee, without foreclosure, applying for a receiver to take possession of the lands from the mortgagor to preserve the rents pending the mortgagor's bill to redeem.    In such case, the mortgagee, is not entitled to have the rents preserved and paid to him by virtue of any absolute ownership thereof in him, but, if entitled at all, is entitled to have them preserved to be applied to the payment of the mortgaged debt.

In *Moritz & Weil v. Miller, Schram & Co.*, 87 Ala. 331, we stated some precautions which should be observed in the appointment of receivers, and declared principles which should govern in such cases.    What we said then is apt in the present case.

The case of *Blondheim v. Moore*, 11 Md. 365, to which we have been referred, also lays down salutary rules on the subject which meet our approval.

It is clear that where lands are the subject of a mortgage security the mortgagee is not entitled to a receiver unless it is made to appear that the preservation of the rents and profits is necessary to the mortgagee's security.    If the lands are of sufficient value to secure the debt, the possession of the mortgagor should not be disturbed by the appointment of a receiver.    It is incumbent on the mortgagee to show that such necessity exists.    In the present case, there is neither averment nor proof that the lands are not of sufficient value to secure the mortgage debt, without resort to the rents and profits accruing pending the proceedings for redemption.    It is true the unsworn answer of appellee to the original bill states that the lands are not worth as much as the amount due on the mortgage debt, but that is no evidence upon

which the chancellor could rightfully act in determining the application for a receiver.

In this condition of the record, we are of opinion the chancellor erred in granting the application; and its order in that behalf is reversed, and an order will be here entered, vacating and annulling the appointment of the receiver, and ordering that all property and effects which may have gone into his possession under such appointment, be restored to the appellant.

Reversed and rendered.