# Pagett *et al. v.* Brooks *et al.*

*Action to recover Damages for Breach of Bond given to secure Appointment of Receiver.*

1. *Appointment of receiver; waiver of objection to appointment.* Where, upon bill filed asking for a receiver, if upon the receiver being appointed the respondents to the bill failed to object to the order, and in the event the objection was overruled, failed to prosecute their appeal, as provided by statute, such failure amounts to acquiescence in the appointment, so as to prevent the respondent questioning the propriety of the appointment upon the final hearing of the case.

2. *Appointment of receiver; plea dismissing bill does not amount to vacating appointment.*—Where, upon the filing of a bill in chancery asking for the appointment of a receiver, a receiver is appointed, and thereafter, on the final submission of the cause, there is a decree rendered dismissing the bill, such a decree, though finally disposing of the cause on its merits adversely to the complainants, at whose instance the receiver was appointed, does not *ipso facto*, operate to discharge the receiver; but the functions of the receiver must be terminated by a formal order of the court.

3. *Bond for appointment of receiver; breach occurring only by vacating appointment.*—Where a bond given to secure the appointment of a receiver is conditioned as required by the statute, (Code, §§ 801-802) to pay all damages "which any person may suffer by the appointment of such receiver, if such appointment is vacated," such bond is breached only upon the appointment of a receiver being vacated, as contradistinguished from the receiver being removed or discharged.

4. *Bond for appointment of receiver; when right of action does not accrue upon dismissal of complainant's bill.*—Where, upon the filing of a bill asking for a receiver, a receiver is ap-

17

[Pagett *et al.* v. Brooks *et al.*]

pointed and the bond is given as conditioned by law, (Code, §§ 801-802), if, upon the final submission of the cause upon the pleadings and proof there is a final decree upon the merits dismissing complainant's bill without more, such decree does not operate to vacate the appointment of the receiver, within the meaning of the statute and condition of said bond, so as to give the obligees in said bond a right of action for breach thereof.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellees against the appellants, and sought to recover damages for the breach of a bond given to secure the appointment of a receiver. It was averred in the complaint and shown by the evidence, that upon bill filed by some of the defendants in the chancery court of Covington county against the appellees, and in accordance with the petition therefor, there was a receiver appointed of property alleged to belong to the plaintiffs, who were the defendants in said chancery suit; that as a condition to the appointment of this receiver, a bond was made by the defendants in the present suit which was conditioned as required by the statute; that upon the final hearing of the chancery suit, on the pleadings and proof, a decree was rendered dismissing complainant's bill. Thereupon the present suit was brought to recover damages for the breach of the receiver's bond. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the general affirmative charge in their behalf. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

POWELL, ALBRITTON & ALBRITTON, for appellants. The rule is well settled that the appointment and removal of receivers are matters which rest in the discretion of the chancery court; and the appellate court will not, on appeal, undertake to review or control the exercise of this discretionary power except so far as it may be authorized to do so by the statute.—*Miller v. Lehman, Durr & Co.,* 87 Ala. 519; Beach on Receivers, § 781; Kerr on Receivers, 139-140, Note 1; *Mansony v. U. S. Bank,* 4 Ala. 735.

The dismissal of the bill operated as a termination of the cause, but it did not necessarily terminate the functions of the receiver.—20 Am. & Eng. Encyc. Law, (1st ed.) 111; *Simmons v. Shelton,* 112 Ala. 284.

SOLLIE & KIRKLAND, *contra.*

TYSON, J.—This action is to recover damages for the breach of a bond executed in pursuance to the provisions of the Act of February 18, 1895, now constituting sections 801 and 802 of the Code of 1896.

The condition of the bond is that required by the statute. It is that the obligors "shall pay or cause to be paid all damages, which any person may suffer by the appointment of such receiver if such appointment is vacated." It is shown by the complaint and the evidence that the cause in which the receiver was appointed was determined, upon final hearing, adversely to the complainants therein and their bill dismissed, but it does not appear that an order was ever made, either in the final decree or otherwise, vacating the appointment of the receiver or removing or discharging him.

From this statement it will readily be seen that the question presented is whether a final decree upon the merits, dismissing the complainant's bill without more, operated to vacate the appointment of the receiver within the meaning of the statute and the condition of the bond.

It cannot be seriously doubted that the burden is upon the plaintiffs to show by averments and proof, in order to entitle them to a recovery, that the appointment of

the receiver was *vacated*—his removal or discharge, if it be conceded that such was the effect of the decree, will not suffice.

There is a clear distinction between vacating the appointment of a receiver and his removal or discharge, although these words are frequently used indiscriminately by the courts as synonymous.

To vacate the appointment is to set aside the order of appointment because improperly granted, the motion for which is based on the circumstances and conditions attending the appointment.

The term "remove" as applied to a receiver, means simply a change in the *personnel* of the receivership, which continues unaffected. The effect of the removal is only to substitute one person for another in the office. The cause of the "removal" of a receiver is some personal objection to him.

The "discharge" of a receiver relates to the termination of the receivership and is asked and ordered for the reason that, because of the state of the suit, there is no longer any necessity for continuing the receiver.—Beach on Receivers, § 776.

It is clear from these definitions that while the vacating of the order of appointment results in the same way as does a removal or discharge of the receiver in that his right to further administer the property committed to him is terminated, this is purely consequential. The causes, however, which operate and control in the making of the order, or rather the grounds upon which the court is authorized to act in the making of it, whether to vacate the appointment or to remove or discharge the receiver, are entirely different and distinct.

And this distinction is clearly recognized in our statutory system. For under it when a receiver is improvidently appointed, or for that matter providently appointed, the order of appointment may be appealed from and revised at the instance of the party who feels himself aggrieved, which could not be done in the absence of these statutory provisions.—§§ 429 and 800 of the Code, 1896; *Miller v. Lehman, Durr & Co.*, 87 Ala. 519; *Meyer v. Thomas*, 131 Ala. 111.

No such statutory provision exists or ever existed by which an order of removal or discharge of a receiver or one refusing to remove or discharge him is or was made revisable by appeal. Without it this character of orders, being usually discretionary, are not appealable.—17 Ency. Pl. & Pr. 854; 2 Cyc. 611.

In other words, we have statutory provisions by which the discretion reposed in the chancery court, in the one case may be reviewed and controlled by appeal, while in the other it cannot. With the wisdom or unwisdom of the distinction made by the statutes we have nothing to do. Suffice it to say that it exists.

Doubtless the law makers were influenced in making provisions by appeal, for the control of the exercise of the discretion vested in the chancery court of the appointment of receivers to the end of vacating the order of appointment if improvidently granted, because they regarded it as a grievous wrong to deprive a party of the possession and control of his property by a receiver who had been thus appointed. And to the end of affording the recourse of redressing this injury and damage, the statutes under which the bond upon which this action is founded were enacted.

Our conclusion, therefore, is that the statutory requirement of giving this bond, when viewed and considered in connection with the other statutes noted above, was simply to afford indemnity to a party who has suffered damages by reason of the *improvident* appointment of a receiver and who had availed himself of the opportunity afforded him by the statutes of having the appointment vacated by an order of the chancellor or of this court.

The failure of plaintiffs to object to the order and in the event the objection was overruled to prosecute their appeal as provided by the statute must be held to be an acquiescence by them in it so as to prevent their questioning its propriety upon final hearing of the cause. As inferentially sustaining the correctness of this proposition, see *Campbell v. Claflin,* 135 Ala. 527; 23 Am. & Eng. Ency. Law, (2d ed.) 1037; Smith on Receivership, p. 69; High on Receivers, § 37.

[Webb v. Webb.]

Furthermore, it cannot be conceded that the decree dismissing the bill, although finally disposing of the cause on its merits adversely to the complainants therein, at whose instance the receiver was appointed, *ipso facto* discharged him. His functions must be terminated by a formal order of the court.—Beach on Receivers, § 800, p. 872; *Scott v. Ware,* 65 Ala. 174; *Simmons v. Shelton,* 112 Ala. 284.

But conceding the effect of the decree was to discharge the receiver, this was not, as stated above, the legal equivalent of *vacating* the order appointing him.

Reversed and remanded.