(123 So. 207)

## McDERMOTT et al. v. HALLIBURTON et al.
### (8 Div. 103.)

Supreme Court of Alabama.　June 27, 1929.

D. Isbell, of Guntersville, for appellants.

Ernest Parks, of Scottsboro, for appellees.

GARDNER, J.　The appeal is from an interlocutory order appointing a receiver in a pending cause. The original bill was filed by the heirs at law of a deceased mortgagor, seeking the exercise of the equity of redemption of a mortgage on a large tract of land in Marshall county.

The bill (the sufficiency of which was not questioned) charged usury and improper or insufficient credits, and sought an accounting of the amount due.　The answer denied the material averments, and disclosed that a few days after the bill was filed the mortgage was foreclosed under the power of sale; the mortgagee becoming the purchaser.　There was cross-bill seeking ratification of the sale, or, in the alternative, a foreclosure decree. The respondent subsequently filed a petition for the appointment of a receiver to collect the rents and incomes from the property, the result of which is stated above.

The power of appointment of receiver is a delicate one, to be exercised with caution (Gilreath v. Union Bank & Trust Co., 121 Ala. 204, 25 So. 581), and we are not persuaded it was justified in the instant case.

The petition appears to proceed upon the theory that respondent was entitled to the rents as a matter of course, and that the allegation of insolvency of the complainants to the original bill sufficed for all purposes. The foreclosure of the mortgage after the

660

filing of the original bill did not oust the court of its jurisdiction, and the foreclosure, while not absolutely suspended, is yet subject to the equity of the bill, and may be set aside by the court, if complainant is awarded relief. Brown v. Bell, 206 Ala. 182, 89 So. 659; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1. So considered, therefore, the case of Lindsay v. Am. Mortgage Co., 97 Ala. 411, 11 So. 770, is in point, and the following excerpt from the opinion here directly applicable: "It is a case then of a mortgagee, without foreclosure, applying for a receiver to take possession of the lands from the mortgagor to preserve the rents pending the mortgagor's bill to redeem. In such case, the mortgagee, is not entitled to have the rents preserved and paid to him by virtue of any absolute ownership thereof in him, but, if entitled at all, is entitled to have them preserved to be applied to the payment of the mortgaged debt. * * * It is clear that where lands are the subject of a mortgage security the mortgagee is not entitled to a receiver unless it is made to appear that the preservation of the rents and profits is necessary to the mortgagee's security. If the lands are of sufficient value to secure the debt, the possession of the mortgagor should not be disturbed by the appointment of a receiver. It is incumbent on the mortgagee to show that such necessity exists. In the present case, there is neither averment nor proof that the lands are not of sufficient value to secure the mortgage debt, without resort to the rents and profits accruing pending the proceedings for redemption." See, also, to like effect, Skidmore v. Stewart, 199 Ala. 566, 75 So. 1; Warren v. Pitts, 114 Ala. 65, 21 So. 494; 19 R. C. L. §§ 369, 371; 72 Am. St. Rep. 78.

There is no averment in the petition or any of the pleadings indicating inadequacy of the security, but, on the contrary, complainants offer several affidavits tending to show the value of the land far in excess of the indebtedness claimed to be due on the mortgage. The averment of insolvency of complainants is denied, with supporting affidavits. Complainants are not, however, personally liable for the debt, but the estate of the mortgagor, and there is no allegation of insolvency as to said estate. ▆ In the record, there is no proof appearing in opposition to the affidavits as to the value of the land and adequacy of the security offered by complainants. The register's certificate is to the effect that the transcript contains "a true and complete copy of the proceedings," while in the decree we find a statement of submission on pleadings, affidavits filed, "and testimony taken ore tenus before the court." Counsel for appellee insists that from the quoted language we should assume there was testimony taken orally, and here omitted, which would sustain the decretal order. The present appeal presents no necessity for a determination as to the result of the apparent conflict between the certificate of the register and statement in the decree. This for the reason that the petition itself contained no averment as to the value or inadequacy of the mortgage security, and it could not be assumed evidence existed, not here appearing, which went beyond the scope of the petition.

The case of Lindsay v. Am. Mortgage Co., supra, is authority to the effect that the averments of this petition are entirely insufficient to call for the exercise of this extraordinary power of the equity court.

The decree appointing the receiver will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.