(134 So. 459)

JONES et al. v. McDERMOTT et al.

8 Div. 21.

Court of Appeals of Alabama.
Oct. 7, 1930.

Rehearing Denied Oct. 28, 1930.

Affirmed on Mandate May 5, 1931.

by section 10116 of the Code to any person, damaged by the appointment of a receiver, to recover by suit on such bond only in event such appointment is vacated or discharged. In such suit the burden is on the plaintiff to show by averments and proof, in order to entitle him to a recovery, that the appointment of the receiver was vacated. In Pagett et al. v. Brooks et al., 140 Ala. 257–259, 37 So. 263, Tyson, J., was at some pains to show the difference between vacate and "removal and discharge," as applied to suits on bonds for the improvident appointment of receivers, under section 10115 of the Code. What was there said is convincing of the construction given to that section of the Code, and we adopt it here. In the case of McDermott et al. v. Halliburton. 219 Ala. 659, 123 So. 207, being the appeal in the case in which the bond sued on in this case was given, the decree appointing the receiver was reversed, and the cause remanded, but there appears no order or decree either in the circuit court or the Supreme Court vacating the appointment of the receiver. For aught that appears in this record, the petition for the appointment of the receiver may have been here amended to meet the views of the Supreme Court as expressed in the opinion.

It is not necessary to pass upon the sufficiency of the judgment overruling defendant's motion to strike the complaint and the motion to set aside the judgment in favor of plaintiff. These questions will probably not arise again. The judgment, however, is not supported by averment and proof as above indicated, and for that reason is reversed, and the cause is remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Jones v. McDermott, 223 Ala. 16, 134 So. 460.

Ernest Parks, of Scottsboro, for appellants.

D. Isbell, of Guntersville, for appellees.

The action was for breach of a receiver's bond given under authority of section 10115 of the Code of 1923, which was conditioned to "pay all damages which any person may sustain by the appointment of the receiver, if such appointment is vacated or receiver removed or discharged because improvidently appointed." Permission is given