(132 So. 880)

## MACKE v. SCACCIA.

### 6 Div. 765.

Supreme Court of Alabama.

March 5, 1931.

360

W. B. Harrison, of Birmingham, for appellee.

Victor H. Smith, of Birmingham, for appellant.

BOULDIN, J.

The bill, filed by the purchaser of lands subject to an outstanding mortgage and standing in the position of the mortgagor, to enjoin a threatened foreclosure under power of sale, and to redeem the lands from the mortgage.

The present appeal is from a decree denying a temporary injunction after hearing on bill, answer, and supporting affidavits.

■ A mortgagor may proceed in equity to enforce his equity of redemption. No tender or offer to pay before suit brought need be averred or proven. No controversy or occasion for an accounting as to the amount of the mortgage debt need be shown. Submission to the jurisdiction of the court with offer to redeem by payment of the debt as decreed gives equity to the bill.

■ If no dispute appears in the bill or answer to be litigated, the court may proceed at once to decree the conditions of redemption, and further decree that upon noncompliance, the equity of redemption stand foreclosed.

■ In such case, if there was no tender and refusal of payment, or other act of the mortgagee rendering it necessary to resort to equity, and he interposes no barrier to relief, the costs should go against the complainant. Hudson v. Kelly, 70 Ala. 393.

■ The filing of such bill does not ipso facto suspend the foreclosure under power of sale. But it brings the subject-matter and the parties within the lis pendens of the suit, and, if redemption is decreed and effected, the foreclosure under the power, as to them, stands for naught, becomes a useless expense upon some one, and maybe draws third persons into the proceedings.

■ As to bona fide purchasers the lis pendens is inoperative in the absence of the statutory notice. Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323.

■ It must now be regarded as the settled law in this state that pending the bill to redeem the mortgagee cannot, by foreclosure under the power, impair the equity of redemption.

■■ The status quo as to possession is not to be disturbed by such proceeding or by separate action at law. The entire matter is drawn within the jurisdiction of the equity court, and if, by reason of insufficient security, there is need to intercept the rents and profits pending the suit, a receiver may be appointed by that court on proper application. Ezzell v. First National Bank, 218 Ala. 462, 119 So. 2; Boyd v. Dent, 216 Ala. 171, 113 So. 11; Brown v. Bell, 206 Ala. 182, 89 So. 659; Lampkin v. Stout, 199 Ala. 101, 74 So. 239; Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Thompson v. Atchley, 201 Ala. 398, 78 So. 196; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Burns v. Mtg. Bond Co. of N. Y., 199 Ala. 77, 73 So. 987; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963; Whitley v. Dumham Lumber Co., 89 Ala. 493, 7 So. 810.

■ It follows from these principles that a foreclosure under the power pending such suit can serve no good purpose. An injunction to prevent same is merely ancillary; has the effect of preserving the status quo.

The case is different from those wherein the equity of the bill itself is injunctive relief against the abuse of a power of sale.

A proceeding to foreclose under the power concedes, and proceeds on the assumption, that an equity of redemption does exist, and foreclosure is to divest it.

A proceeding in court to effectuate such equity, and a simultaneous proceeding out of court to cut it off, are incongruous.

On full reflection we hold that on the filing of such bill containing equity, whether it presents a litigable controversy or not as to the amount to be paid on redemption, if complainant makes application therefor and is willing to give an injunction bond, the better practice is to issue same.

In case there is no question to be litigated, but merely the fixing of conditions of redemption, which, as of course, include ascertainment and decree of the amount required for redemption, the cause should proceed at once to that end. The court has full power to protect every interest of the mortgagee.

Only delay, added expense, and annoyance can come by proceeding, notwithstanding such suit, to foreclose under the power.

On the other hand, if the bill does present a litigable controversy as to amount or other terms on which redemption should be decreed, there is the more occasion for an injunction to keep matters in statu quo. To delay the cause in order to litigate the merits or good faith of the controversy in a collateral proceeding on pleadings and affidavits is more of a hindrance than an aid to the prompt administration of justice.

This is the logical result of the well-settled principles above announced, and in effect the actual holding in Lampkin v. Stout, supra, Brown v. Bell, supra, and Whitley v. Dumham Lumber Co., supra.

■ In the present case a controversy is presented solely on the question of whether the mortgagee is entitled to a reasonable attorney's fee by way of indemnity stipulated in the mortgage. With great detail in the bill and answer the parties set out their respective contentions in this regard.

Without question the mortgage was put into the hands of an attorney for collection after it was in default. Without more, the stipulation for reasonable attorney's fees becomes effective.

Complainant's contention is that negotiations, begun several days before, resulted in

an agreement on the day the mortgage became due whereby he should pay $5,000 on the principal and get an extension on the balance of $15,000; that this was to be consummated on the following morning, which he was ready to do, but was then confronted with a demand for an increased interest rate, and, thereupon, a further conference was agreed upon to consider this matter; that complainant made reasonable effort to have such conference, but without avail; that he had arrangements made to get the money to pay the entire debt, in case no extension was perfected; that, notwithstanding a' promise to await such conference, and a further promise to give three or four days to make payment, the mortgage was turned over to counsel the second day after the demand for an increased interest rate, and, thereupon, a claim was made for an attorney's fee.

The answer' and affidavits deny many of these averments.

This presented a litigable controversy. It should be tried by the court below on the merits. We do not now consider, much less pass upon, either the merits or the good faith of complainant's contention.

The temporary injunction should have been granted.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.