(134 So. 460)
JONES et al. v. McDERMOTT et al.

8 Div. 256.

Supreme Court of Alabama.
April 16, 1931.

D. Isbell, of Guntersville, for petitioners.

Ernest Parks, of Scottsboro, for respondents.

## GARDNER, J.

The opinion of the Court of Appeals discloses the suit as one upon a bond executed pursuant to the provisions of section 10115, Code 1923, upon appointment of a receiver, and reference made to the succeeding section 10116, giving a right of action upon such bond to any person damaged by such appointment should the same be vacated or discharged. From the order appointing the receiver an appeal was prosecuted to this court, resulting in a reversal of the order. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207.

The Court of Appeals construes the case of Pagett v. Brooks, 140 Ala. 257, 37 So. 263, as requiring a more formal order of vacation of appointment than here appears. But in the Pagett Case the matter of vacation of the appointment of the receiver was made to rest only upon the dismissal of the bill upon a consideration of the merits of the cause, and solely as a consequence thereof, and the distinction drawn between the vacation of the appointment of a receiver, his removal, and his discharge. The statute there considered (section 801, Code 1896) required a bond with the condition to pay all damages which any person may sustain by the appointment of the receiver if such appointment was vacated, and the foregoing distinctions were observed in view of the language of that statute, for, as stressed in the opinion, the removal or discharge of the receiver under the statute there considered would not meet the language of the statute; the vacation of his appointment being necessary to that end. The court further proceeds to show that the matter of vacating the order of appointment rests upon different grounds from those of the removal or discharge.

In speaking of the question of vacation of the appointment, the court says: "To vacate the appointment is to set aside the order of appointment because improperly granted." 34 Cyc. 158. Such was the result of the decision of this court on appeal in McDermott v. Halliburton, supra, and the judgment here entered "reversed and annulled" the order of appointment. This effectually and with sufficient finality "set aside the order of appointment because improperly granted," and therefore vacated the same.

We are of the opinion, therefore, that no further order of vacation of the appointment was necessary to fix liability upon the bond, and that the case of Pagett v. Brooks, supra, is distinguishable as above indicated.

The writ is awarded, the judgment of the Court of Appeals reversed, and the cause remanded to that court for further proceedings therein.

Writ awarded. Reversed and remanded.

All the Justices concur.