143 So. 452

**HALL et al. v. METROPOLITAN LIFE INS. CO.**

8 Div. 370.

Supreme Court of Alabama.

June 25, 1932.

Rehearing Denied Oct. 13, 1932.

D. Isbell, of Guntersville, for appellants.

Steiner, Crum & Weil, of Montgomery, and J. A. Lusk, of Guntersville, for appellee.

**BOULDIN, J.**

The original bill was filed to redeem several parcels of land from separate mortgages executed by complainants, and held by respondent, each to secure a separate indebtedness.

The bill averred respondent was proceeding to foreclose these several mortgages, under power of sale, publishing notices of such sales

to be made in front of the courthouse in Guntersville.

The mortgages stipulated the sales should be made in front of the courthouse of the county, and the bill averred this meant the courthouse at Albertville, near which the lands were located, and that sales at Guntersville would be illegal and void.

The bill further averred complainants had made large payments upon the indebtedness secured by each mortgage, and on information and belief charged that defendant was demanding unreasonable attorney's fees for foreclosing or collecting the mortgages.

Complainants submitted themselves to the jurisdiction of the court, offered to do equity, to pay the several amounts ascertained to be due, prayed for an accounting for such purpose, for decrees granting redemption of the tracts severally upon payment of the indebtedness secured thereby, and that any foreclosures under the power of sale be held subordinate to the rights of complainants under this bill, etc.

Demurrers to the bill being overruled, respondent filed an answer denying that foreclosure sales at Guntersville would be invalid or irregular, denying any payments on the debts except interest, installments of which were then in default, that because of defaults defendant had properly incurred attorney's fees for foreclosure which complainants were due to pay under the terms of the mortgages.

The answer further set up that, pursuant to proceedings begun before the filing of the bill, the mortgages had been duly foreclosed under the powers of sale, the lands purchased by respondent for several amounts due on each tract as per statements set out in the answer, that deeds of conveyance had been duly executed, and demand made for the possession of the lands, which had been refused. It is then averred that complainants "have thereby lost all and every right of redemption under the laws of Alabama. That there is not remaining in complainants any right or equity of redemption, the same being cut off by said foreclosure."

A cross-bill follows the answer, but refers back to and prays the answer be taken as a cross-bill, thus incorporating the answer as part of the cross-bill.

Among other things, it is prayed that the court decree that the mortgages stand strictly foreclosed, that writs of possession issue in respondent's behalf, that complainants be decreed not entitled to any relief, and their bill be dismissed.

The cross-bill further prays that, should the court for any legal or equitable reason hold the foreclosure sales irregular, complainants be required to elect to affirm or disaffirm such sales, and, if disaffirmed, the mortgages be

foreclosed under decrees of the court. There is a prayer for general relief.

Demurrers addressed to the cross-bill as a whole were overruled, and from this decree the present appeal is taken.

Under well-settled rules, the complainants' bill to enforce their equity of redemption was properly filed, and drew the res within the lis pendens; and complainants are entitled to the relief prayed, notwithstanding the foreclosures under powers of sale pending the suit.

If prosecuted to decree of redemption, and the terms of the decree are complied with, the foreclosure sales are avoided. In such event the decree should provide for the cancellation of the foreclosure deeds.

Demurrers addressed to cross-bill, in so far as it challenges such equity and seeks relief to the contrary, would be well taken. Macke v. Scaccia, 222 Ala. 359, 132 So. 880, and cases there cited.

But demurrers addressed to a bill or cross-bill as a whole, but good as to only one aspect of the bill, while other aspects contain equity, are overruled without error. Reeves v. Thompson, ante, p. 204, 142 So. 663.

The pendency of the bill for redemption did not, ipso facto, abrogate the powers of sale, which are part of the security; nor did the bill suspend the execution of such powers in the absence of restraining orders. The foreclosures were subject to be avoided by a decree and redemption as per bill pending. Authorities, supra.

The original bill, sustained against demurrer, challenged the regularity of sales.

True, where the mortgage stipulates the sale shall be in front of the courthouse of the county, a sale in front of either courthouse in a county having two courthouses is a compliance with such stipulation, the notice designating at which courthouse the sale will be made. Anniston Pipe Works v. Williams (Anniston Pipe Works v. Houser), 106 Ala. 324, 18 So. 111.

But, complainants having challenged the foreclosure proceedings for illegality or irregularity, a cross-bill seeking an election to affirm or disaffirm the sales, if found to be irregular, and on disaffirmance, seeking a foreclosure through the court of equity, was proper to invite an appropriate decree as the equities should appear.

Such relief could be granted as of course only on failure of complainant to prosecute the original bill to decree, or fail to redeem as per the terms of the decree.

A decree for complainants would usually provide that, upon failure to redeem within the time prescribed, the equity of redemption

stand foreclosed or finally barred, or, as often done, that the bill stand dismissed. The result is the same in either case, the ending of all title and interest in complainants, and a vesting of complete title in respondent by force of the decree. Macke v. Scaccia, supra; 42 C. J. p. 444, § 2285.

 But, if a foreclosure sale has been had under the power pending the suit, the dismissal of complainants' bill leaves the foreclosure sale intact. The foreclosure deed becomes a proper muniment of title, and the rights and incidents of the parties under such foreclosure are the same as if no bill for redemption had ever been filed.

A cross-bill calling for proper relief in such event, including a writ of possession, if need be, to grant full relief, is proper. Johnson v. Smith, 190 Ala. 521, 67 So. 401; Pattillo v. Tucker, 216 Ala. 572, 113 So. 1.

In this latter aspect of the case, the cross-bill was properly filed.

Affirmed.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.