35 So.2d 345

### JONES v. DUNCAN.
### 6 Div. 595.

Supreme Court of Alabama.
March 25, 1948.

Rehearing Denied May 13, 1948.

E. E. Wilson, of Bessemer, for appellee.

Ling & Bains, of Bessemer, for appellant.

LIVINGSTON, Justice.

On appeal from the Municipal Court of Bessemer, this suit of unlawful detainer was tried in the Bessemer Division of the Circuit Court of Jefferson County, Alabama by the court without the intervention of a jury. The trial court entered a judgment for the plaintiff for the property sued for, together with $70 damages for its detention.

The appellant tenant was occupying the premises, designated as 513 South Twentieth Street in the city of Bessemer, Alabama, as a residence under a written month to month lease.

Two questions are presented for review on this appeal. The first question is whether the demand to deliver possession of the premises, section 967, Title 7, Code, was made before the termination of the tenant's possessory interest. More specifically, it is insisted that the tenth day of the notice to terminate the tenant's possessory interest fell on Sunday and, as a consequence, the tenant's possessory in-

terest continued through the following Monday; and that the demand for possession made on said following Monday was prematurely made. Applicable statutes are:

Section 5, Title 31, Code.—"In all cases of tenancy by the month or for any other term less than one year, where the tenant holds over without special agreement, the landlord shall have the right to terminate the tenancy by giving the tenant ten days' notice in writing of such termination, and the landlord upon giving said notice for said time shall be authorized without further notice to the tenant to recover possession of the rented premises in an action of unlawful detainer."

Section 967, Title 7, Code.—"An unlawful detainer is where one who has lawfully entered into possession of lands as tenant, fails or refuses on ten days' demand in writing after the termination of his possessory interest, to deliver the possession thereof to anyone lawfully entitled thereto, his agent or attorney; and it is sufficient to leave a copy of such demand in writing at the usual place of abode of the party holding over."

Appellant relied on section 12, Title 1, Code, which, in pertinent part, provides: "The time within which any act is provided by law to be done must be computed by excluding the first day and including the last; if the last day is Sunday, it must also be excluded, and the Monday following shall be counted as the last day within which the act may be done."

Notice terminating the tenancy was given August 15, 1946, and demand for possession was made on August 26, 1946.

Section 12, supra, has no application here. It applies to acts required to be done within a certain time, and not to time which must intervene before a certain status is terminated or one is brought into existence. Sims v. Sims, 210 Ala. 465, 98 So. 462. The purpose of the notice provided for in section 5, Title 31, Code, is not to require the tenant or lessee to do any act. Its purpose is to change his status in relation to the landlord or lessor, and to terminate his existing lease and possessory right thereunder.

Here ten days intervened between the giving of notice terminating the possessory interest and the demand for possession. It is immaterial that the last day of the ten days fell on Sunday.

As to the second question, appellant insists that the circuit court erred in entering a judgment for rent of the premises pending the appeal from the municipal court to the circuit court. The judgment was calculated on a basis of $10 per month for a period of seven months.

On appeal from the municipal court to the circuit court, appellant entered into a supersedeas bond conditioned to prosecute to effect his said suit in the circuit court and to pay and satisfy whatever judgment the circuit court should render. Section 986, Title 7, Code, provides: "In cases of forcible entry and unlawful detainer, the judgment if against the appellant, must be rendered in the appellate court against him and the sureties on the appeal or certiorari bond, including the costs in the inferior and appellate courts; and if the appeal or certiorari was sued out by the defendant, and a supersedeas bond was executed, a writ of restitution or possession must be awarded, and judgment must also be rendered against the defendant and the sureties on his supersedeas bond for the value of the rent of the premises pending the appeal."

The lease contract between the parties was in evidence, as was a statement showing the rental account between them dating back to November 1944. This evidence shows that the rent of the premises was fixed by the parties at $10 per month, and was paid accordingly. This evidence was sufficient to support a finding by the trial court that $10 per month was the value of the rent of the premises pending the appeal.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.

### On Rehearing.

LIVINGSTON, Justice.

On application for rehearing appellant insists that the opinion does not correctly

reflect his second assignment of error. He insists that the lower court erred in entering a judgment for damages for detention, when no evidence of such damages was offered on the trial in the court below, other than evidence as to past due rent. He further insists there is a legal distinction between a judgment for damages for detention and a judgment for rent.

The complaint on which the case was tried in the circuit court claimed damages for the detention of the premises sued for. Proof of the detention and the value of the rent proves the complaint. So far as this case is concerned, there is no legal distinction between a judgment "for damages for detention" and a "judgment for rent." No special damages, as provided for by section 977, Title 7, Code, are here involved.

The application for rehearing is overruled.

GARDNER, C. J., and BROWN, and SIMPSON, JJ., concur.