96 So.2d 805

J. D. MARSH

v.

C. G. WAYLAND et al.

7 Div. 345.

Supreme Court of Alabama.

Aug. 22, 1957.

W. M. Beck, Fort Payne, and Roberts & Orme, Gadsden, for appellant.

Scott, Dawson & Scott, Fort Payne, for appellees.

PER CURIAM.

This is an appeal by the respondent in a suit in equity by the mortgagors (complainants) taken from a decree filed October 30, 1956. That decree overruled demurrers to the bill of complaint and expressed the opinion that complainants were entitled to the relief prayed for, and made an order of reference to the register to ascertain certain facts necessary to the rendition of a further decree for complainants. While the decree expressed the opinion that the foreclosure of the mortgage in question by a sale made under the power after the bill was filed, was unauthorized because there was no default which justified it, there was no adjudication or decree to that effect.

■■ A final decree of foreclosure may be rendered in two stages, each of which will support an appeal. Williams v. Knight, 233 Ala. 42, 169 So. 871. There may be a decree settling the controversy as to the rights of the parties before determining the amount necessary to be paid as a condition to an exercise of such right, which in this suit is the equity of redemption, and if not paid as directed by the court a foreclosure sale follows, or confirmation of the sale made pending the suit. The decree settling the equities and rights of the parties is a final decree, although it orders a reference to the register contemplating another final decree upon completion of such findings. But to be the basis of an appeal it

**404**

must adjudge or decree on the merits of the controversy involved. Richardson v. Peagler, 111 Ala. 478, 20 So. 434; Thompson v. Maddux, 105 Ala. 326, 16 So. 885. We do not find such a decree which justifies an appeal.

■ The decree filed October 30, 1956, overruling demurrers to the bill is in proper form and supports an appeal if taken within thirty days. Section 755, Title 7, Code. We find that this appeal was taken within thirty days by the approval on November 28, 1956, of security for the costs of appeal. The ruling on the demurrer was assigned as error and argued by appellant in brief. Therefore, that ruling should be reviewed.

The complainants are the mortgagors of real estate to secure the purchase price of $12,000. The mortgage was executed October 1, 1953.

The third paragraph of the bill of complaint is as follows:

"That said mortgage was for the sum of Twelve Thousand Dollars ($12,-000.00) and its manner of payment as set out in the mortgage was as follows: 'Due by one promissory note being of even date with this instrument and being due and payable in 120 installments of $100.00 each, the first of said installments being due November 1, 1953, and one of the remaining installments being due and payable on the 1st day of each month thereafter until all of said installments have been paid in full, the last said installment being due and payable on October 1, 1963 with interest on the several sums from date at 6% per annum, as they become due.' The complainants aver that they have paid a total of $3,997.50 upon said indebtedness secured by said mortgage when as a matter of fact only $2,785.00 was due under the terms of the mortgage but, due to the fact that the respondent has voluntarily paid the premiums on a fire insurance policy upon said property, which the complain-

ants have offered to repay, the respondent threatens to foreclose said mortgage and has advertised the same for foreclosure on the assumption that said mortgage is in default, that they have paid to the respondent much more money than has been due upon said mortgage even though they may be charged with the insurance premiums paid by the respondent."

The bill then alleges that the foreclosure of the mortgage would be unjust and inequitable; that forfeiture by respondent which justifies a foreclosure under the power contained in the mortgage is purely technical and respondent has suffered no damage.

The prayer for relief is that the court decree that the mortgage is not in default and that respondent be required to accept the money tendered to him as payment on the mortgage pending this litigation and that he be required to accept the money tendered on the 12th of December 1955 as the amount they owe him as insurance premiums, and that he be permanently enjoined and restrained from foreclosing said mortgage, and for general relief. It makes no offer to do equity or pay whatever may be found due and payable.

A copy of the mortgage and the foreclosure notice are made exhibits to the bill. There is no prayer for temporary injunction. But on January 21, 1956, a petition, which was sworn to, was filed seeking a temporary injunction of the respondent from taking possession of the property, and alleging that on January 16, 1956, respondent had sold the property as advertised and had become the purchaser; that he was harassing the tenants of complainants; that there was no default in the payments. The allegations of the bill and of the petition are sworn to be true. In the petition complainants agree to do equity, and allege that if the court finds they are in default and the mortgage subject to foreclosure they are able, willing and ready to pay said indebtedness in full upon said ascertainment by the court. A

temporary writ of injunction was ordered and issued as prayed for.

A demurrer to the bill was then filed by respondent, which was overruled as previously stated. That ruling is the only matter before the court on this appeal. We think the petition for a temporary injunction should be treated as a part of the bill of complaint.

Does the bill have equity? Broadly speaking, it is not the province of a court of equity merely to determine whether there has been a default in the payment of a mortgage debt or to fix the amount of it when the bill was filed (not now considering the Declaratory Judgments Act, section 156, Title 7, Code). The bill must seek some equitable relief in which the amount justly due is important in that respect. Bell v. Thompson, 34 Ala. 633; Williams v. Neal, 152 Ala. 435, 44 So. 551; Parker v. Ward, 224 Ala. 80, 193 So. 215; Schock v. Underwood, 260 Ala. 294, 70 So.2d 264.

A bill has equity to enjoin a foreclosure sale if there was no default in paying any part of the mortgage debt or fulfilling its other obligations. It has equity to redeem if there was then such a default. Barry v. Welch, 248 Ala. 167, 26 So.2d 872. A bill seeking either such relief must of course make offer to do equity and to pay whatever amount is found by the court to be in arrears and to perform such other obligations as are necessary to keep the mortgage from foreclosure. A tender before filing such a bill is not necessary. We think the bill of complaint as amended by the petition is sufficient to meet the requirements. Marsh v. Elba Bank & Trust Co.,

207 Ala. 553(2), 93 So. 604; Simmons v. Henderson, 207 Ala. 692(8), 93 So. 624; Macke v. Scaccia, 222 Ala. 359, 132 So. 880.

The rights of complainants in that respect are controlled by the state of facts which existed at the time the bill was filed. The attempted foreclosure sale of the mortgage made thereafter is subject to such relief as complainants were entitled to when the bill was filed. The sale pending the suit does not affect the rights of complainants asserted in the bill. The final decree could vacate that sale if necessary to enforce the equity of redemption. Johnson v. Smith, 190 Ala. 521, 67 So. 401; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Macke v. Scaccia, supra; Hall v. Metropolitan Life Ins. Co., 225 Ala. 455, 143 So. 452; Adams v. Whitehead, 234 Ala. 389, 175 So. 356.

We think that insofar as appellant has argued the matter, the ruling on the demurrer is without error and should be affirmed. As previously pointed out, there is no other decree subject to review on this appeal.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

All the Justices concur, except STAKELY, J., not sitting.