99 So.2d 429

Bertha K. TIMBERLAKE

v.

**GRAND LODGE, KNIGHTS OF PYTHIAS OF ALABAMA.**

8 Div. 922.

Supreme Court of Alabama.

Dec. 19, 1957.

Powell & Powell, Decatur, for appellant.

Jas. N. Bloodworth, Decatur, for appellee.

PER CURIAM.

This is an appeal by complainant in equity from a final decree granting the relief prayed for in the original bill. However, the decree contained some features which are assigned as error.

But before reaching the merits on the the appeal, we will refer to the motion to dismiss the appeal on the ground that appellant did not file a brief in this Court within the time required by Supreme Court Rule 12, Code 1940, Tit. 7 Appendix.

The transcript was filed August 30, 1957. Supreme Court Rule 12 requires appellant to file a brief in this Court "within thirty days after the transcript of the record has been filed in this court". It also provides that the Court, or a justice thereof, for good cause shown, may extend the time for filing of any of appellant's or appellee's briefs for not exceeding fifteen days. In computing the thirty day period, as well as the fifteen day period, Supreme Court Rule 46 and section 12, Title 1, as amended, Code, are to the same effect so far as here material that "the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday". This has been applied "to acts required to be done within a certain time and not to time which must intervene before a certain status is terminated or one is brought into existence."

Jones v. Duncan, 250 Ala. 587, 35 So.2d 345, 347.

The last day of the time in which appellant's brief should have been filed fell on Sunday, September 29, 1957. So that appellant would have complied with the rule had she filed her brief during the day of Monday, September 30, 1957. The Chief Justice of this Court, on application and showing made on September 26, 1957, ordered "that the time allowed the appellant for filing briefs herein be extended for fifteen days". We think this means fifteen days from the last day on which such brief should be filed which was Monday, September 30, 1957. Appellee points out that this interpretation allows more than forty-five days; that the rule contemplates only forty-five days unless the last day of the extended period falls on Sunday or a legal holiday. The brief for appellant was filed on October 15, 1957. This was the fifteenth day after the expiration of the first period in which the rule required the brief to be filed. There seems to be no authority directly in point. That is the interpretation we give it now. The motion should be overruled.

## On the Merits.

The original bill was filed by this appellant and sought to enjoin the foreclosure of a mortgage on real estate and to redeem. The bill alleges that on or about November 18, 1932, complainant being indebted to the Hermione Lodge No. 16, Knights of Pythias, Inc., executed a mortgage on a certain described house and lot to secure the sum of $500 payable in annual installments of $100 each. It alleges that respondent was then the owner and holder of said mortgage. The bill was filed September 12, 1953. The respondent here is the Grand Lodge, Knights of Pythias, Domain of Alabama. Incidentally we note that shortly before then there had been terminated litigation between the said Grand Lodge and the Hermione Lodge No. 16, resulting in a final decree of this Court that the Hermione Lodge No. 16 had been dissolved and its assets had passed to the Grand Lodge. Grand Lodge, Knights of Pythias of Alabama v. Hermione Lodge No. 16, Knights of Pythias, 258 Ala. 641, 64 So.2d 405. For a former appeal see Hermione Lodge No. 16, Knights of Pythias of Decatur v. Grand Lodge, Knights of Pythias of Alabama, 248 Ala. 473, 28 So.2d 166, 168 A.L.R. 948. That controversy is not here involved. The present bill seeks to redeem and alleges that respondent has advertised a foreclosure sale to occur on September 14, 1953. The bill seeks relief on the ground that respondent claims to have paid large sums in discharge of city improvement assessments and other items, and that complainant does not know the amount of same but seeks to have the court ascertain the full amount secured by the mortgage which she offers to pay and offers to do equity. The bill is full and complete as one seeking to enforce the equity of redemption. The evidence disclosed that the published notice of the foreclosure sale specified September 21, 1953 as the date when the sale would occur. The bill alleges and the foreclosure sale was to be held on September 14, 1953. There was no injunction ordered. The bill does not refer to the discrepancy in dates and seeks no relief on that account.

The respondent filed an answer and cross bill admitting that the notice of foreclosure was for the sale on September 14, 1953, and set out in detail the items composing the amount of the debt secured by the mortgage. It alleges that the sale occurred on September 14, 1953, and that respondent bought the property at substantially the amount of the debt.

The respondent in its answer and cross bill consented for complainant to redeem by paying the amount of the debt secured by the mortgage.

On the trial no testimony was offered by complainant. The respondent offered testimony as to the amount of the debt, also a copy of the notice of foreclosure sale as published. We have referred to that notice

above, showing that the sale was to be held on September 21, 1953, whereas the sale actually occurred on September 14, 1953. But as we have stated, complainant in her bill made no complaint as to that difference in the dates shown by the record. The trial court rendered a decree granting the redemption sought in the bill, to which respondent consented in its cross bill, and found the amount of the mortgage debt with interest, attorneys' fee and city improvement redemption and expenses to be $2,648.89, and further decreed that complainant be allowed thirty days in which to pay said amount and redeem the property; and upon a failure to redeem, as above set forth, possession was ordered to be delivered to respondent, and that respondent be decreed to be the full legal owner of said property. Complainant was taxed with the costs.

The only contention made by appellant's brief is that the court erred in holding that the foreclosure sale was valid notwithstanding it was advertised to occur on September 21, 1953, whereas the sale actually occurred on September 14, 1953.

Complainant was granted all the relief she prayed for or sought in the original bill on the facts there set out and on the proof submitted on the trial. The bill was filed September 12, 1953 before the sale which is alleged and shown to have occurred on September 14, 1953. We have a well established principle of law that "the attempted foreclosure sale of a mortgage made thereafter (after a bill to redeem is filed) is subject to such relief as complainants were entitled to when the bill was filed. The sale pending the suit does not affect the rights of complainants asserted in the bill. The final decree could vacate that sale if necessary to enforce the equity of redemption". Marsh v. Wayland, Ala., 96 So.2d 805, 808 [1]; Adams v. Whitehead, 234 Ala. 389, 175 So. 356; Hall v. Metropolitan Life Ins. Co., 225 Ala. 455, 143 So. 452; Macke v. Scaccia, 222 Ala. 359, 132 So. 880; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Johnson v. Smith, 190 Ala. 521, 67 So. 401.

It is said in Hall v. Metropolitan Life Ins. Co., 225 Ala. 455(5), 143 So. 452, 453, that a decree granting the right to redeem within a time prescribed usually provides that "the equity of redemption stand foreclosed or finally barred, or, as often done, that the bill stand dismissed. The result is the same in either case, the ending of all title and interest in complainants, and a vesting of complete title in respondent by force of the decree".

Such is the nature of the decree rendered. The discrepancy in the advertised notice of foreclosure sale does not affect the decree as rendered. The decree in effect disregards the sale as an effective foreclosure, as it should for the purpose of redemption. The decree is supported by our cases and should be affirmed, and complainant's right to redeem extended for thirty days from the date of this judgment.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Motion to dismiss appeal overruled.

Affirmed: appellant allowed thirty days in which to redeem.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.

1. 266 Ala. 402.