This is an action in the nature of ejectment.
In 1968 defendants executed a mortgage on the property in question to Peoples Exchange Bank. They defaulted and foreclosure was held. Plaintiffs obtained a mortgage foreclosure deed from a sale held in 1974 pursuant to power of sale provisions in the mortgage. Plaintiffs filed suit in November 1977 seeking possession and damages.
Motion for summary judgment by plaintiffs was granted. Plaintiffs were granted possession and $860 for defendants' unlawful use and detention of the property for 43 months at $20 per month. Defendants were awarded a set-off of $500 for improvements made on the property during the period of detention. Defendants take this appeal. We affirm.
The first issue is whether the mortgage foreclosure sale had been sufficiently advertised as required by Tit. 47, § 171, Code of Alabama (1940) (Recomp. 1958).[1] That statute provides:
 "[N]otice of all sales under powers of sale contained in mortgages and deeds of trust . . . shall be given by publication once a week for three successive weeks in some newspaper published in the county in which such land or any portion thereof is situated. . . ."
Tit. 7, § 716 provides:
 "When the notice is required to be given for a specified number of weeks, it must be given by consecutive weekly insertions for the number of weeks so specified; and when the notice is of a proceeding to be had or an act to be done on a specified *Page 418 
day, if the publication be for . . . three weeks, the first insertion must be at least eighteen days before such day. . . ."
The foreclosure sale notice had been published in theEvergreen Courant in its issues of July 4, 11, and 18, 1974. The sale was held on July 22. Thus, excluding the date of the first insertion, the sale was held on the eighteenth day following.
The trial court correctly relied on Taxpayers Citizens ofCleburne County v. Cleburne County, 287 Ala. 116, 248 So.2d 711
(1971) in determining that the prescribed time had elapsed and the sale was valid. In that case, the issue was compliance with Tit. 7, § 171, requiring publication of a notice at least eighteen days before a hearing on validation of obligations could be held. The first notice was published on November 26 and the hearing held on December 14, the eighteenth day thereafter, excluding November 26. The court held that this satisfied the statute, stating:
 "For more than a hundred years, our decisions have declared the general rule to be that in computing the number of days specified in a statute before an event is to take place, either the first or the last day is included in the computation, except where the statute requires a specific number of entire days to intervene, in which case, both are excluded. Garner Nevill v. Johnson, 22 Ala. 494 (1853); see also, Owen v. Slatter, 26 Ala. 547 (1855). In practice, the rule developed to exclude the first day and include the last day in the computation. Richter v. State, 156 Ala. 127, 47 So. 163 (1908); Ex parte Register, 257 Ala. 408, 60 So.2d 41 (1952)."
The court also cited Tit. 1, § 12, which provides that "Time within which any act is provided by law to be done must be computed by excluding the first day and including the last." Seizing upon this statement, defendants attempt to distinguish this case, asserting that it deals with statutes prescribing time within which something must be done rather than prescribing the minimum time which must be allowed to elapse before something can be done. It is true that there is a difference in treatment of these types of statutory requirements. Timberlake v. Grand Lodge, Knights of Pythias,267 Ala. 40, 99 So.2d 429 (1957); Jones v. Duncan, 250 Ala. 587, 35 So.2d 345 (1948). However, those cases involved a different portion of Tit. 1, § 12, which dealt with situations where the last day of a computed period falls on a Sunday. In any event, Taxpayers Citizens of Cleburne County v. CleburneCounty clearly dealt with a statute prescribing time which must be allowed to elapse before something can be done, as does the statute in the instant case, and is thus controlling.
The second issue is whether the court erred in failing to limit plaintiffs' damages through the application of Tit. 7, § 949, which provides:
 "Persons holding possession under color of title, in good faith, are not responsible for damages or rent for more than one year before the commencement of the suit."
The judgment assessed damages for 43 months' detention at $20 per month. Defendants contend they had color of title because they originally had legal title. However, the foreclosure sale in 1974 effectively divested them of any color of title.Courtney v. Boykin, 356 So.2d 162 (Ala. 1978); Lowrey v. Mines,253 Ala. 556, 45 So.2d 703 (1950). See 3 Am.Jur.2d, AdversePossession § 110.
In brief plaintiffs ask for modification of the judgment to reflect a rate of $40 rather than $20 per month for damages for detention. However, plaintiffs failed to take a cross-appeal as provided by Rule 4 (a)(2), ARAP, and are thus precluded from obtaining modification of the judgment. Morley Constr. Co. v.Maryland Cas. Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593
(1937); 9 Moore's Fed.Prac. ¶ 204.11[1], [3].
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] As the sale took place in 1974, that is the applicable statute. *Page 419